UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SINGULARDTV, GMBH, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY LEBEAU and KIMBERLY JACKSON, <br><br> Defendants. | Case No. 1:21-cv-10130 |

**DECLARATION OF BENJAMIN J. A. SAUTER IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE
WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE
AND, IN THE INTERIM, TEMPORARY RESTRAINING ORDER**

I, Benjamin J. A. Sauter, Esq., pursuant to 28 U.S.C. § 1746 and Local Rule 6.1(d), hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney duly admitted to practice law in the State of New York. I am a member of the bar of the State of New York. I am currently a partner and attorney with Kobre & Kim LLP ("Kobre & Kim"), located at 800 Third Avenue, New York, New York 10022. Kobre & Kim is counsel for SingularDTV GmbH ("SingularDTV" or the "Company") in this action.

2. I make this declaration in support of SingularDTV's Motion For Order To Show Cause Why Preliminary Injunction Should Not Issue And, In The Interim, Temporary Restraining Order ("Motion"). The statements in this Declaration are true to the best of my knowledge and belief.

3. On Monday, November 8, 2021, I participated in a telephonic meet-and-confer discussion with, among others, Neil Postrygacz, Esq., and Jerald Tenenbaum, Esq. I understand

1

that Messrs. Postrygacz and/or Tenenbaum represent the Defendants, Zachary LeBeau and Kimberly Jackson.

4. One of the topics discussed during the November 8 meet-and-confer discussion was the restoration of SingularDTV's access to and control over its business e-mail services, which, on information and belief, were terminated or caused to be terminated by Defendants on or about October 8, 2021. Mr. Postrygacz confirmed on the call that his clients would not agree to restore the Company's access to its e-mail services and that the parties were at an impasse on this issue.

5. Mr. Postrygacz also stated that unspecified "things" had been put "in place" to monitor correspondence sent to SingularDTV's e-mail accounts, though he declined to describe these "things." When I asked whether this meant that third-parties outside of SingularDTV were accessing and viewing the contents of the e-mail accounts, Mr. Postrygacz confirmed that it did. He refused, however, to identify the individuals who had such access or even the number of people who had such access.

6. When I asked Mr. Postrygacz to describe the legal basis for Defendants' interference with and unauthorized access to SingularDTV's e-mail systems, he declined, stating instead that I would learn his clients' positions in legal filings.

7. Another topic discussed during the November 8 meet-and-confer discussion was the return of millions of dollars' worth of digital assets belonging to SingularDTV, which LeBeau continues to possess and control despite his termination as an officer and director of the Company. When I asked Mr. Postrygacz whether LeBeau would return the assets to SingularDTV or, alternatively, place them in a custodial arrangement to be held in escrow, he responded that LeBeau would not do so. When I asked Mr. Postrygacz to explain LeBeau's legal basis for refusing to return Company assets, he again declined and stated that I would learn his clients' positions in legal filings.

8. On November 22, 2021, I reiterated in written correspondence to Mr. Tenenbaum and Mr. Postrygacz the Company's demands that, among other things, Mr. LeBeau and Ms. Jackson immediately restore the Company's administrative control over its email accounts and return the Company's digital assets under the possession and/or control. <u>A true and correct copy of my November 22, 2021 correspondence is attached hereto as Exhibit 1</u>.

9. I respectfully submit that, for the reasons set forth above and in the concurrently filed Memorandum of Law, Declaration of Patrik Allenspach, and Declaration of Michael Mráz, good cause exists to grant the preliminary injunction sought in the Motion by order to show cause. Accordingly, SingularDTV respectfully requests that the Court schedule briefing and a hearing on the Motion on the following schedule, or as soon thereafter as the Court is available and counsel can be heard:

    Defendants' Opposition due: December 3, 2021

    Plaintiffs Reply due: December 8, 2021

    Hearing: December 13, 2021

10. I further respectfully submit that, for the reasons set forth above and in the concurrently filed Memorandum of Law, Declaration of Patrik Allenspach, and Declaration of Michael Mráz, good cause exists to grant a temporary restraining order to maintain the status quo until the Motion can be heard and adjudicated. Specifically, Defendants should be restrained from transferring, encumbering, or concealing any Company assets in their possession; without such a restraint, the Court will be unable to accord complete relief on SingularDTV's claims seeking to recover those assets. In addition, Defendants should be required to restore SingularDTV's access to and control over its and its employees' and contractors' e-mail accounts, without which the Company's day-to-day business operations are severely compromised. Finally, Defendants should be restrained from purporting to act on behalf of SingularDTV GmbH, which they have no authority to do.

11. No prior request has been made for the relief requested herein.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   November 29, 2021
         New York, New York

                                        /s Benjamin J. A. Sauter
                                        Benjamin J. A. Sauter