# EXHIBIT 8



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**018 -
Request_Discussion_Dissolution_SDTV - Brief Only**" is, to the best of my knowledge
and belief, a true and accurate translation from German into English.

---
Jacqueline Yorke

Sworn to before me this
November 11, 2021

---
Signature, Notary Public

WENDY POON
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in
Queens County
01PO6356754
MY COMMISSION EXPIRES 04-03-2025

---
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

[logo:] **City of Zug**

**City of Zug
Präsidialdepartement**
[Presidential Department]
**Justice of the Peace Office**

Stadthaus [Municipal building],
Gubelstrasse 22
6301 Zug
www.stadtzug.ch

Johannes Stöckli
Justice of the Peace
+41 58 728 91 40
johannes.stoeckli@stadtzug.ch

City of Zug, Justice of the Peace Office, Postfach [P.O. Box], 6301 Zug

Registered mail
SingularDTV GmbH
Poststrasse 30
6300 Zug

Zug, September 28, 2021

**Acknowledgement of receipt (file no. 563/21)**

**Claimant**
Mr. **Zachary James LeBeau**, 345 West 57th Street, #175 New York, NY 10019. USA
represented by: Attorney-at-law Niklaus Glatthard and/or Attorney-at-law and Notary Public Dr. Melchior
Glatthard, Advokatur & Notariat Glatthard [Glatthard Law Office & Notary Public's Office],
Limmatquai 80, 8001 Zurich

**Respondent**
**SingularDTV GmbH**, Poststrasse 30, 6300 Zug, Switzerland

**concerning arbitration proceedings**

Notice is hereby given to the parties of the receipt of the request for arbitration (postmarked September 25, 2021;
received by the Justice of the Peace Office on September 27, 2021) in the matter of Zachary James LeBeau represented
by Niklaus Glatthard, Attorney-at-Law and/or Dr. Melchior Glatthard, Attorney-at-Law and Notary Public, Advokatur
& Notariat Glatthard against SingularDTV GmbH pursuant to Art. 62 Para. 2 ZPO (*Zivilprozessordnung* [Code of
Civil Procedure]).

When contacting the Justice of the Peace Office, please inform us of the file number in each case.

Kind regards
[signature]
Justice of the Peace Office

[stamp:]

JUSTICE OF
THE PEACE
ZUG

By registered mail to
- Attorney-at-law Niklaus Glatthard and/or Attorney-at-law and Notary Public Dr. Melchior Glatthard, Advokatur &
  Notariat Glatthard, Limmatquai 80, 8001 Zurich
- SingularDTV GmbH, Poststrasse 30, 6300 Zug

Enclosure
- Request for arbitration incl. enclosures to Respondent



**REGISTERED MAIL**
Friedensrichteramt der Stadt Zug [Justice of the Peace Office of the City of Zug]
Gubelstrasse 22
Postfach [P.O. Box]
6301 Zug

Niklaus Glatthard
Attorney-at-Law, LL.M.

Advokatur & Notariat Glatthard
Limatquai 80
CH-8001 Zurich
Tel. +41 33 828 31 31
Fax +41 33 828 31 30
niklaus.glatthard@glatthard-law.ch

registered in the Swiss Register of Lawyers

Zurich, September 24, 2021

**Request for arbitration**

Dear Sir or Madam

In the matter of

Mr. **Zachary James LeBeau**, 345 West 57th Street, #175 New York, NY 10019, USA

**Claimant**

represented by Niklaus Glatthard and/or Dr. Melchior Glatthard, Attorney at Law and Notary Public, Advokatur & Notariat Glatthard, Limmatquai 80, CH-8001 Zurich

versus

**SingularDTV GmbH,** Poststrasse 30, CH-6300 Zug

**Respondent**

(hereinafter individually a "**Party**" and collectively the "**Parties**")

regarding

**Action for dissolution pursuant to Art. 821 para. 3 OR** (*Obligationsrecht* [Swiss Code of Obligations])

I hereby submit to you the

**REQUEST FOR ARBITRATION**

with the following

**PRAYER FOR RELIEF:**

1.   Respondent is to be legally dissolved based on Art. 821 (3) OR, the liquidation is to be ordered by a neutral, court-appointed liquidator;

2.   *If necessary,* another appropriate solution which is reasonable for the parties involved is to be found in accordance with Art. 821 (3) OR;

3.   The dissolution of Respondent and the appointed liquidator, possibly the effects of another appropriate solution, are to be filed for entry in the Commercial Register.

With costs and compensation consequences, including VAT, to be borne by Respondent.

**BRIEF EXPLANATION:**

**A.   Formal aspects**

**1.   Power of Attorney**

1    The undersigned are duly authorized.

    **Evidence provided:**   Power of attorney dated September 24, 2021         **Enclosure 1**

**2.   Competence**

2    Pursuant to Art. 197 in conjunction with Art. 202 ZPO, the present legal dispute is to be initiated by means of a request for arbitration. According to Art. 3 ZPO, the organization of the courts and the arbitration authorities is in principle a matter for the cantons. Article 38 (1) of the Court Organization Act of the Canton of Zug ("**GOG**") provides that the Justice of the Peace Office is the ordinary arbitration authority in civil matters and is competent to conduct the arbitration proceedings, unless a special arbitration authority is factually competent. Pursuant to Art. 10 (1) (b) ZPO, the court of the location of the registered office of the Company is competent for actions against the Company. Section 38 (2) GOG states that the local jurisdiction of the Justice of the Peace Office covers the territory of the municipality. The Justice of the Peace Office of the City of Zug, which has been called upon, is therefore locally and factually competent for the present arbitration proceedings.

### 3.  Active legal capacity

3  Each shareholder - irrespective of the size of his shareholding - is entitled to bring an action (Art. 821 (3) OR; Handschin Lukas/Truniger Christof, *Die GmbH* [The Limited Liability Company], 3rd ed., Zurich - Basel - Geneva 2019, p. 348). In the present case, the Claimant was and is a shareholder of Respondent both at the time of the occurrence of the compelling reasons and at the time of the filing of the action. In the present case, Claimant has the right to sue.

### 4.  Passive legal capacity

4.  According to prevailing doctrine, the action for dissolution must be directed against the Company, because as a legal entity it has the capacity to be a party to legal proceedings and capacity to act before a court of law (Handschin Lukas/Truniger Christof, *Die GmbH*, 3rd ed., Zurich - Basel - Geneva 2019, p. 348). Respondent has capacity to be sued in the present case.

### B.  Brief explanation

### 1.1  The SingularDTV Companies

5  Claimant, together with Kimberly Ann Jackson ("**Jackson**"), conceptualized the business model that led to the formation of Respondent and SingularDTV LLC in New York (together with Respondent, the "**SingularDTV Companies**").

6  The operations of the SingularDTV Companies were designed from the outset to be conducted in the United States. Therefore, a sister company, SingularDTV LLC, was formed in New York. For liability reasons, Jackson became the sole owner of the U.S. company, but not Respondent's shareholder.

7  Claimant, together with Joseph Michael Lubin ("**Lubin**") and Arie Yehuda Levy Cohen ("**Cohen**"), formed Respondent for the purpose of conducting an *Initial Coin Offering* ("**ICO**") in Switzerland. The Company's ordinary share capital of CHF 20,000.00 is divided into 200 ordinary shares with a nominal value of CHF 100.00 each. The Company has three shareholders:

- Lubin holds 86 ordinary shares (43% of the share capital);
- Cohen holds 28 ordinary shares (14% of the share capital); and
- Claimant holds 86 ordinary shares (43% of the share capital).

**Evidence provided:**     Extract from the Commercial Register of SingularDTV GmbH dated
                                        September 23, 2021                                                      **Enclosure 2**

8  The SingularDTV companies provide a platform for filmmakers, artists and other creative professionals to raise funds for their projects, manage intellectual property and distribute their content using blockchain technology. The idea is to create an infrastructure for fundraising, token exchange, equipment rental, accounting and content distribution. This approach has led to

the development of the Software Breaker Saas ("**Software**"). Software has been developed by SingularDTV LLC in the United States since it began operations.

9     Through the ICO, Respondent was able to raise approximately USD 7,500,000.00 in ether in 2016. As of the filing of the present lawsuit, the ether in Respondent's wallet has a market value of more than USD 40,000,000.00.

10    Since its inception, the SingularDTV companies' assets have been largely managed by Claimant and Jackson (who later became the Company's Chief Operating Officer [COO]). Lubin and Cohen both lost interest in the operations of the SingularDTV companies soon after their formation.

11    Since the formation of the Company, the circumstances have changed significantly and the personal relations between the shareholders have disintegrated. As explained below, the essential conditions of a personal and factual nature under which Respondent was formed no longer exist. The continuation of Respondent can no longer be expected of Claimant. Due to his participation of 43% in Respondent and the acquisition ceiling of Art. 783 para. 2 OR, Claimant can also not sue for his resignation according to Art. 822 OR. He has no other option than to initiate the dissolution of Respondent.

### 1.2    Unacceptable conduct of Cohen

12    Shortly after the founding of Respondent, Cohen, contrary to the agreements among the partners, spent more time with other companies than working for the Company, made investments from the Company's assets that were contrary to the Company's interests, and concluded overvalued contracts in the name of the Company. In addition, there have been increased allegations against Cohen of bullying, gross misuse of company funds and rampant drug use. The operational business in Switzerland was getting out of hand (also financially). In the process, Cohen repeatedly violated the Company's organizational regulations. After being confronted with the allegations on several occasions, Cohen resigned as CFO in April 2018 and as CEO of the Company(ies) in February 2019.

| Evidence provided: | *Organizational By-Laws and Board Regulation* of SingularDTV GmbH dated February 9, 2018. | **Enclosure 3** |
|---|---|---|
| | Letter of Resignation of Arie Levy Cohen as Managing Director of SingularDTV GmbH dated February 12, 2019. | **Enclosure 4** |

13    The Claimant filed a criminal complaint against Cohen as CEO of the Company on June 3, 2021 for unfaithful management and embezzlement with the Public Prosecutor's Office of Canton Zug.

| | | |
|---|---|---|
| **Evidence provided:** | Files in the criminal proceedings file number 2A 2021 130 with the Public Prosecutor's Office of Canton Zug | **Edition** |

14    Further details and the naming and submission of additional evidence are expressly reserved.

### 1.3    Unacceptable conduct of Lubin

15    Lubin has hardly contributed directly to the Company. Instead, he repeatedly breached his duty of loyalty and care to the Company. He had ongoing conflicts of interest as a result of the contracts he generated for his ConsenSys AG (*Aktiengesellschaft* [joint stock corporation]) (and related companies) on terms that did not stand up to a third-party comparison within the meaning of section VIII/1 of the Company's Organizational Regulations (Respondent was charged approximately 20 times the usual market rates for software development services). Lubin enforced the payment of these excessive claims (more than USD 12,000,000.00) of ConsenSys AG by using means of pressure against Respondent. Lubin has repeatedly acknowledged his conflicts of interest and confirmed that his primary focus is on his ConsenSys AG.

| | | |
|---|---|---|
| **Evidence provided:** | Commercial register extract of ConsenSys AG dated September 23, 2021 | **Enclosure 5** |
| | *Organizational By-Laws and Board Regulation* of SingularDTV GmbH dated February 9, 2018 | **Enclosure 3** |
| | Email dated October 14, 2014 from Joe Lubin to (among others) Zachary LeBeau, Kim Jackson | **Enclosure 6** |

16    Further elaboration and the citation and subsequent submission of additional evidence is expressly reserved.

### 1.4    Hack by Cohen

17    Following Cohen's resignations as CFO and Managing Director, Lubin and Claimant made a proposal to him in the spring of 2019 for his resignation from Respondent. After extensive efforts, Cohen purportedly communicated his interest in agreeing to the Settlement Agreement on March 11, 2021. On May 6, 2021, SingularDTV Companies' then-chief counsel, Carl Volz ("**Volz**"), received an email containing a PDF copy of the negotiated Settlement Agreement with Cohen's purported signature. Volz directed Claimant, as CEO, to disgorge payment to Cohen in accordance with the terms of the Settlement Agreement. On May 7, 2021, Claimant transferred the settlement amount to the designated cryptocurrency wallets (due to the peak in cryptocurrencies at the time, the settlement amount represented a value of approximately USD 2,000,000.00).

18   Cohen then informed Respondent that (a) he had not signed the Settlement Agreement and (b) the email address used did not belong to him. Cohen claimed that Volz's computer network must have been hacked. Cohen's signature on the agreement is indistinguishable from his actual signature. There is considerable evidence that the perpetrator was Cohen.

19   Claimant and Jackson have made extensive efforts to recover the transferred tokens. Among other things, they have filed proceedings on behalf of the Company in the *Southern District of New York* to further investigate the matter.

| **Evidence provided:** | Case Files U.S. District Court, Southern District of New York (Foley Square), Civil Docket for Case#: 1 :21-cv-06000-VEC | **will be submitted later if required** |
|---|---|---|
| | We expressly reserve the right to call and submit additional evidence. | |

20   Unlike Claimant, neither Lubin nor Cohen took any action to uncover the source of the hack or theft.

**1.5   Lubin and Cohen's campaign against the Claimant.**

21   Rather, Lubin and Cohen used the hack as an opportunity to conspire to strip Claimant of his role as a corporate officer, to paralyze Claimant as a corporate officer, and to increasingly limit or violate Claimant's rights of control.

22   Lubin and Cohen [sic] already revoked Claimant's signing authority and had [it] removed from the commercial register. These steps are justified by the shareholder dispute. The interests of the company and the interests of the token holders are disregarded. Moreover, Cohen has not been re-elected as CEO since his resignation as CEO in 2019. As a result, the Company's subsequent management resolutions that were passed with Cohen's participation are void.

| **Evidence provided:** | Extract from the Commercial Register of SingularDTV GmbH dated September 23, 2021 | **Enclosure 2** |
|---|---|---|
| | Letter of resignation of Arie Levy Cohen as managing director of SingularDTV GmbH dated February 12, 2019. | **Enclosure 4** |

23   Claimant is already unable to commit the Company. He was deprived of any possibility to influence the operational developments of the Company. Now Lubin and Cohen have scheduled a shareholders' meeting on September 24, 2021.

The agenda includes the removal of Claimant as managing director of the Company. Due to the majority situation in the Company, it is to be expected that the Claimant will be voted out of office.

**Evidence provided:**   Invitation to the shareholders' meeting
on September 24, 2021                                   **Enclosure 7**

24   As a result, Lubin and Cohen will henceforth be able to exercise operational control over the Company and its assets without having to account to Claimant. The aim of Lubin and Cohen seems to be in particular the unrestricted access to the assets of the Company.

## 2.   No alternative for Claimant

25   Claimant has made every effort to clarify the situation before the Management Board meeting on August 27, 2021. In particular, he presented two options for a mutually agreeable settlement of the matter. He also commented in detail on the agenda items. Lubin and Cohen did not respond to the proposed solutions and hardly responded to Claimant's comments on the agenda items. Instead, Lubin and Cohen stated that it is up to the courts to decide the situation.

**Evidence provided:**   Minutes of the Management Board meeting of
August 27, 2021.                                       **Enclosure 8**

26   Claimant is at the mercy of Lubin and Cohen, who are allied among themselves. In the present case, he cannot initiate a resignation action pursuant to Art. 822 OR due to the acquisition cap of Art. 783 para. 2 OR and his 43% shareholding in Respondent. The behavior of Lubin and Cohen in the past shows that they are primarily financially motivated and are not afraid to divert funds of the Company for their own purposes. Claimant considers himself in a minority as a shareholder. He can hardly influence the events of the Company. He is also currently excluded from the management of the company. Furthermore, Claimant sees the interests of Respondent and the token holders endangered by the behavior of Lubin and Cohen.

27   Claimant cannot be expected to continue the Company. No other appropriate solution than a dissolution of the company can be identified.

28   The further substantiation of the request for arbitration will take place at the arbitration hearing.

*****

We kindly ask you to summon the parties to the arbitration hearing and to
arrange the date of the hearing with us in advance.


Sincerely

[signature]

Niklaus Glatthard


**In duplicate**

**Enclosure(s)**:      according to separate List of Evidence

**Copy to:**                    Client(s)

# LIST OF EVIDENCE

for the
**Request for arbitration dated September 24, 2021**

to the Justice of the Peace Office of the City of Zug

in the matter of
**Zachary James LeBeau ./. SingularDTV GmbH**

concerning
**Action for dissolution pursuant to Art. 821 para. 3 CO**

| | |
|---|---|
| **Enclosure 1** | Power of attorney dated September 24, 2021 |
| **Enclosure 2** | Extract from the Commercial Register of SingularDTV GmbH dated September 23, 2021 |
| **Enclosure 3** | *Organizational By-Laws and Board Regulation* of SingularDTV GmbH dated February 9, 2018 |
| **Enclosure 4** | Letter of resignation of Arie Levy Cohen as Managing Director of SingularDTV GmbH dated February 12, 2019 |
| **Enclosure 5** | Extract from the Commercial Register of ConsenSys AG dated September 23, 2021. |
| **Enclosure 6** | Email dated October 14, 2014 from Joe Lubin to (among others) Zachary LeBeau, Kim Jackson. |
| **Enclosure 7** | Invitation to the shareholders' meeting of September 24, 2021. |
| **Enclosure 8** | Minutes of the Management Board meeting of August 27, 2021 |