

**KOBRE & KIM**

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/21

December 3, 2021

**BY ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     **RE: SingularDTV GmbH v. Zachary LeBeau and Kimberly Jackson –
     Docket No. 1:21-CV-10130-VEC**

Dear Judge Caproni:

  On behalf of Plaintiff SingularDTV GmbH, undersigned counsel writes this letter in response to Defendants' December 3, 2021 letter requesting an extension of time for Defendants' opposition to Plaintiffs' preliminary injunction application and adjournment of the preliminary injunction hearing date currently scheduled for December 14, 2021 (Dkt. Nos. 29 & 30). We also write pursuant to the Court's December 2, 2021 Order Modifying the Temporary Restraining Order (the "TRO") (Dkt. No. 25) and the Joint Letter submitted by the Parties on December 3, 2021 (Dkt. No. 28).

**Plaintiff Objects to Defendants' Request for an Extension and Adjournment.**

  Plaintiff objects to Defendants' request for an extension of time for Defendants' opposition to Plaintiffs' motion for a preliminary injunction and an adjournment of the preliminary injunction hearing scheduled for December 14, 2021. Defendants claim that the extension and adjournment are necessary because "Defendants are in the process of retaining additional counsel in this action." However, Defendants are already represented by multiple litigation counsel in multiple pending litigations that they initiated across multiple jurisdictions. Plaintiff disagrees that the Defendants' desire to add yet more counsel to their litigation enterprise justifies the adjournment and delay Defendants' seek.

  Further, simply extending the TRO will not cure the prejudice and irreparable harm that Plaintiff will endure should the preliminary injunction hearing occur after the New Year. First, as addressed in more detail below, Plaintiff has ongoing concerns regarding Defendants' compliance with the Court's December 2, 2021 Order Modifying the TRO. Among other things, Plaintiff still

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (Dubai, London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

has not been granted "full and unrestricted access to and control" over the subject e-mail accounts, despite our best efforts to gain such access before the Court's 9:00 A.M. deadline this morning, and despite Defendants' recent admission that providing such access is technically feasible. Further, we are still waiting on Defendants to confirm whether they have Arie Levy-Cohen's known @singulardtv.com email account – and if not, what happened to it. Mr. Allenspach also is not able to access any emails from more than 12 months ago for any account except his. While Defendants have stated their understanding that he "should" have such access, they have not confirmed that he "does" nor have they been responsive in explaining or facilitating such access.

Worse still, it was immediately apparent upon receiving Mr. Allenspach's e-mail account that his e-mails were accessed and forwarded to other persons on (and after) October 8, 2021 – ***the day his account was disabled***. This confirms that the Defendants' were effectively implementing a coup, cutting off Mr. Allenspach from the business and taking control of his e-mail account and business records for themselves.

Furthermore, even if one were to assume that Defendants are in full compliance with the TRO, the TRO still does not expressly prohibit Defendants from continuing to purport to act on behalf of SingularDTV GmbH, nor does it order the stolen funds to be returned to the company.

For those reasons, Plaintiff objects to Defendants' adjournment requests and respectfully requests that the Court maintain the current briefing schedule and the December 14, 2021 hearing date to prevent further irreparable harm to the company.

**Defendants Appear to Be in Violation of the December 2, 2021 Order Modifying the TRO.**

As provided in the Parties' December 3, 2021 Joint Letter, Defendants provided access to certain email accounts that were subject to the Court's December 2, 2021 Order Modifying the TRO. However, Defendants appear to be in violation of the Court's Order for the following reasons regarding the subject e-mail accounts: (1) Mr. Allenspach still does not have full and unrestricted administrative access to and control over the accounts as required by the Order; and (2) for all of the provided accounts except one (his), Mr. Allenspach is able to access e-mails only for the last twelve months. The undersigned raised these issues with Defendants' counsel hours before the Court's deadline at 9:00 A.M. this morning and again at 1:44 P.M. this afternoon, but Defendants still have not satisfactorily resolved these issues. *See* **Exhibit A.**

***First***, the Court's December 2, 2021 Order provides that "Defendants must immediately provide, or cause to be provided, to Patrik Allenspach full and unrestricted administrative access to and control over e-mail accounts" used by certain current or former employees of SingularDTV GmbH. However, Mr. Allenspach still does not have full administrative access and control at this time.

Defendants initially maintained during the TRO hearing and subsequent meet and confer discussions that, for technical reasons, a New York Breaker employee must continue to retain access to one large overhaul account for both the Breaker and SingularDTV GmbH e-mail accounts.[1] For example, at 7:26 A.M. this morning, Defendants represented that "As you know

---

[1] Despite Plaintiff's repeated requests, Defendants have not been willing to disclose which Breaker employee apparently maintains access for the overhaul account.

the email accounts for the Swiss and US entities are under one account make [sic] sole administrator access unavailable." However, when pressed, Defendants' counsel admitted at 2:46 P.M. this afternoon that "in order for Mr. Allenspach to have that control over those email accounts there would need to be a migration to remove those email accounts from the server and move them to a separate account." In other words, it *is* possible to give Mr. Allenspach the full and unrestricted control the TRO requires – the Defendants just have not done it yet. Currently, Mr. Allenspach does not even have the ability to set passwords for any account except his. Under these circumstances, Mr. Allenspach does not have "full and unrestricted administrative access to and control over" the e-mail accounts as required by the TRO.

**Second**, Mr. Allenspach still does not have access to (i) Mr. Arie Levy-Cohen's arie@singulardtv.com account or (ii) e-mails from more than 12 months ago for **any** account other than his own.

As to Mr. Levy-Cohen's e-mails, Defendants initially represented that there were "no accounts" for Mr. Levy-Cohen. When confronted with Mr. Levy-Cohen's known business e-mail address (arie@singulardtv.com), they clarified they do not have "access" to his "company emails, if any." But when pressed further, they disclosed at 2:45 P.M. this afternoon that they were still "waiting to get more information on Mr. Cohen's email account." This equivocation calls into serious question the Defendants' compliance with the TRO.

Defendants' statements regarding Mr. Allenspach's access to emails more than 12 months old are equally ambiguous. At 7:19 A.M. this morning, undersigned counsel notified Defendants that Mr. Allenspach was unable to access e-mails more than 12 months old for any account except his own. Undersigned counsel received no further response on this issue until 2:03 P.M., when Defendants stated that "Mr. Allenspach "should" be able to access emails that go back beyond 12 months. However, despite subsequent requests, Defendants have not confirmed that Mr. Allenspach "does" have access to these e-mails, nor provided any explanation of how he can obtain them.

\*    \*    \*

Plaintiff remains available to meet and confer with Defendants to resolve these issues but raises them here to advise the Court as to the status of its TRO and Plaintiff's timely efforts to secure compliance with it in the event a motion to compel becomes necessary.

Respectfully Submitted,

/s/ Benjamin J.A. Sauter
Benjamin J. A. Sauter
Benjamin.Sauter@kobrekim.com

*Attorney for Plaintiff SingularDTV GmbH*

Defendants' request to adjourn the briefing deadlines and hearing is DENIED. Not later than **9:00 a.m. on Saturday, December 4, 2021**, Defendants must provide Plaintiff the name of the New York Breaker employee who must continue to retain access to one large overhaul account by both the Breaker and SingularDTV GmbH email accounts. If Defendants are not in compliance with the TRO relative to email access by **6:00 p.m. on Saturday, December 4, 2021**, Plaintiff is entitled to expedited discovery on that issue.

SO ORDERED.

*Valerie Caproni*   12/3/21

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE