



**NEILESQ**

ATTORNEY AT LAW

A PROFESSIONAL CORPORATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/5/21___

**Neil L. Postrygacz**

December 3, 2021

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

>   *Re:*   **SingularDTV GmbH v. LeBeau, et al**
>          ***1: 21-cv-10130***

Dear Judge Caproni,

    On behalf of Defendants Zachary LeBeau and Kimberly Jackson undersigned counsel writes this letter in response to Plaintiff's letter dated December 3, 2021 objecting to Defendants' extension request and pointing out alleged noncompliance with the TRO.

    First, Defendants have complied with the TRO. Next, Defendants were clear that retaining additional counsel for these individual Defendants was one reason for the extension request. As indicated to the Court on December 2, 2021 during oral argument, Defendants also need to obtain a declaration from Swiss counsel to address issues raised in Plaintiff's Complaint and preliminary injunction and TRO application.

    Plaintiff should have no concern regarding Defendants compliance with the TRO. A password was emailed by me to Mr. Sauter on December 2, 2021 at 04:29pm with the following message:

                    ***************

Dear Ben,

Here is a temporary password for Patrik's account:  Gum34804
There are no accounts for Mr. Lubin or Mr. Cohen.  He should have access to the rest. Let me know if he has any issues.

Thanks.

                    ***************

175 Varick Street, New York, NY 10014 | Tel +1-212-392-4945 | Fax +1-646-514-1997 | neil@neilesq.com
www.neilesq.com



**NEILESQ**

ATTORNEY AT LAW

A PROFESSIONAL CORPORATION

By that time Plaintiff was aware that Defendants did not have access to Cohen's email account. I reiterated this to Mr. Sauter by phone call on December 2, 2021 and todays' emails that my clients do not have access to Mr. Cohen's email account.  I also coveyed this information today to Ms. Perlman, also Plaintiff's counsel, by phone and email.

For unknow reasons, Mr. Sauter did not allegedly receive some of my emails ( I notified Mr. Sauter by text message re this issue with his email address on December 2, 2021 at 5:56 pm. As such, he was aware that this issue existed). By way of example, I received an email from Ms. Perlman claiming they did not receive a response to emails sent at 5:51 am and 7:20 am regarding alleged issues with the email accounts.  This email was sent to me today at 1:43 pm. However, I did email Mr. Sauter repeatedly this am regarding the alleged issues indicated in their 5:51 am and 7:20 am emails.  First, today, at 6:44 am, I emailed the following to  Mr. Sauter:

***************

**neil postrygacz <neilpostrygacz@gmail.com>**                    **6:44 AM (12 hours ago)**

**to Benjamin**

**Good morning,**

**To confirm, Defendants will not access those email accounts. As far as Cohen's email, there was a migration to the breaker.io emails at some point and Arie never received. I will check with client re the SingularDTV email for Arie. I was told they are not available but will confirm. I believe he was given whatever administrative control was available. I will see if there is a way for him to be able to change passwords for those accounts.**

**Lastly, what's the status of our adjournment request?**

**I am available to discuss.**

***************

I explained to Plaintiff's counsel that when the email accounts were migrated to the breaker.io account they did not include Mr. Cohen's emails and a new email was not created for him because he was no longer employed by the company. My clients do not have access to Mr. Cohen's email account. Next, at 7:26 am this morning, I emailed the following to  Mr. Sauter:

***************

**neil postrygacz <neilpostrygacz@gmail.com>**                    **7:26 AM (11 hours ago)**



**NEILESQ**

ATTORNEY AT LAW

A PROFESSIONAL CORPORATION

**to Benjamin**

**Hi Ben,**

**Confirmed that neither Defendants nor others acting on their behalf have access to the email accounts.**

**As you know the email accounts for the Swiss and US entities are under one account make sole administrator access unavailable. I have instructed my clients to not interfere with these email accounts in any way. I do not believe there is any language re deleting emails, we will be following the Court's Order. I will check re your statement about emails going back only 12 months.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I sent an additional email to Mr. Sauter at 08:29 am today asking for confirmation that he received my prior emails. Screenshots of the above referenced email are annexed hereto.

Mr. Allenspath was in fact given access to all emails for the other accounts but there may have been inadequate retention capacity for those email accounts. As such, an engineer is determining whether an increase in capacity is necessary. I am waiting to hear back on this issue.

Further, after conferring with Plaintiff's counsel I followed up with my clients regarding the alleged issue with emails going back only 12 months and was informed later this afternoon that one solution to the issues regarding the apparent intermingling of the US and Swiss entities' email accounts would be to migrate the Swiss email accounts to a new server and account. However, this would be a timely and expensive process that I did not have an opportunity to meet and confer with Plaintiff's counsel about the logistics of, including arranging for their payment for this process.

Clearly, Plaintiff's last letter to your Honor does not accurately reflect what transpired over the last day or so, as the above referenced emails show. Mr. Sauter was well aware of the issues with him not receiving my emails. As such, Defendants request that their time to oppose the instant application is extended. There is no risk of further irreparable harm to the company if the preliminary injunction hearing is adjourned with the TRO in place.



NEILESQ

ATTORNEY AT LAW

A PROFESSIONAL CORPORATION

Respectfully submitted,

| Application DENIED.<br><br>SO ORDERED.<br><br>Valerie Caproni<br>12/5/21<br><br>HON. VALERIE CAPRONI<br>UNITED STATES DISTRICT JUDGE |
| :--- |

_____/nlp/_____

Neil L. Postrygacz, Esq.
Neil L. Postrygacz
Attorney at Law, P.C.
217 34th Street
Brooklyn, New York 11232
(646) 642-7492
Neil@neilesq.com

*Attorneys for Defendants*