# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

December 7, 2021

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC)

Dear Judge Caproni:

We represent Plaintiff SingularDTV GmbH (the "Company") in the above-captioned action. We write to provide the Court with an update on an issue we became aware of earlier today, and to respectfully request permission for (i) Mr. Patrik Allenspach to present testimony by video on December 14, and (ii) Mr. Michael Mráz to provide testimony by video on December 16, 20, 21, or 22. The requested relief will enable the Company to present testimony from these witnesses and allow them to participate in the hearing safely and legally, while ensuring that the Court's ruling on the Company's motion is informed by a complete evidentiary record from these witnesses.

As the Court is aware, the Company submitted declarations from two Swiss residents, Mr. Allenspach and Mr. Mráz, in support of its motion for preliminary injunction. (*See* Dkt. Nos. 17, 18.) The Company plans to call both of these witnesses to testify at the hearing on that motion. However, as it stands, neither witness will be able to testify in the United States on December 14 due to a confluence of unavoidable circumstances: (1) Mr. Allenspach has not been vaccinated against COVID-19 and is therefore prohibited from entering the United States; (2) Mr. Mráz has a previously scheduled and unmovable arbitration hearing in Switzerland until approximately 12:30 p.m. ET on December 14; and (3) both witnesses are prohibited by Swiss law from providing video testimony from Switzerland without prior approval from the Swiss Ministry of Justice.

By way of additional background, this morning, Swiss counsel advised undersigned counsel of a provision in Swiss law—namely, Article 271 of the Swiss Criminal Code—requiring advance permission from the Swiss Ministry of Justice for any testimony to be used in a foreign proceeding that is given by a witness physically located in Switzerland. In published guidance, the United States Department of State describes this requirement as follows:

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (Dubai, London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Valerie E. Caproni
December 7, 2021
Page 2

> Taking voluntary depositions in Switzerland is subject to prior authorization by the Federal Department of Justice and Police. Foreign requests must be addressed to the central authority of the canton where the evidence is to be taken or where the person to be deposed is located. . . . **The Swiss penal code provides that attorneys attempting to take a deposition or serve process in Switzerland outside of these authorized methods are subject to arrest on criminal charges**.[1]

We are advised that this limitation applies not only to voluntary depositions taken in Switzerland for use elsewhere, but also to voluntary testimony given in Switzerland by videoconference for a proceeding located outside of Switzerland. Particularly given the ongoing civil and criminal proceedings in Switzerland involving the same parties and subject matter, we are advised that strict adherence to this provision of Swiss law is required.

We further understand that obtaining the necessary permission from the Swiss Ministry of Justice can take up to eight weeks, rendering that alternative incompatible with the time limitation in Federal Rule of Civil Procedure 65(b)(2), authorizing the extension of a temporary restraining order upon a showing of good cause only for "a like period"—i.e., fourteen days—absent the consent of "the adverse party." We have conferred with counsel for Defendants Zachary LeBeau and Kimberly Jackson, who has indicated that Defendants do not consent to such an extension.

We currently understand that Mr. Allenspach and Mr. Mráz should be able to provide voluntary video testimony from an alternate European jurisdiction. Accordingly, we respectfully request that the Court allow Mr. Allenspach (who cannot enter the United States due to his vaccination status) and Mr. Mráz (who needs to be in Switzerland on December 14 due to a previously scheduled arbitration hearing) to present their testimony by video. We expect that Mr. Allenspach will be able to provide such testimony on December 14, while Mr. Mráz would be able to provide such testimony on any of the following days: December 16, 20, 21, or 22.

Given the need for a short extension of time for Mr. Mráz's testimony, the Company also respectfully requests a short extension for good cause of the hearing and the conditions imposed by the Court's temporary restraining order (the "TRO") entered December 1 (Dkt. No. 21) and modified December 2 (Dkt. No. 25) to such day as Mr. Mráz can testify.

We respectfully submit that good cause exists to allow Messrs. Allenspach and Mráz to testify by video, and to extend the hearing and TRO to accommodate Mr. Mráz's testimony. As explained above, Mr. Allenspach is prohibited from entering the United States to testify in person because he is not vaccinated against COVID-19. Moreover, Mr. Mráz will be unable to travel to testify on December 14 because of his commitment to appear at an arbitration hearing scheduled for the same day. Although remote testimony from Switzerland would not have conflicted with

---

[1] *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Switzerland.html (emphasis added).

Hon. Valerie E. Caproni
December 7, 2021
Page 3

Mr. Mráz's schedule, we are now aware that the legal limitations described above preclude that potential alternative.

      Extending the hearing and the TRO conditions will cause no prejudice to Defendants. Defendants themselves requested an even longer adjournment of the preliminary injunction hearing last week. Moreover, Defendants have already agreed to relinquish control of Company e-mail accounts as required by the TRO, and the Parties are continuing to meet and confer regarding their compliance with that aspect of the TRO. As such, an extension of the TRO as to the e-mail accounts will not harm Defendants in any way. As counsel for Defendants acknowledged at the December 1 hearing, he "[could ]not think of" a way in which restoring the Company's e-mail service would harm Defendants. (Dec. 1, 2021 Hr'g Tr. at 34.)

      Nor will an extension of the TRO's restraint on Defendants' use of Company assets harm Defendants. Again, counsel for Defendants noted at the December 1 Hearing that his "clients have no issue with that" restraint. (*Id.* at 35.) Defendants do not dispute that those assets belong to the Company, not to Defendants themselves. As a result, any harm created by restraining those assets would be borne by the Company alone.

      Respectfully submitted,

/s/ Benjamin J.A. Sauter
Benjamin J.A. Sauter
benjamin.sauter@kobrekim.com
212-488-1288