**Stadt Zug**

Stadt Zug
Präsidialdepartement
Friedensrichteramt

**Protokoll inkl. Klagebewilligung**
**Schlichtungsverhandlung von Donnerstag, 2. Dezember 2021, 16:00 Uhr (Dossier-Nr. 563/21)**

**In Sachen**
Herr **Zachary James LeBeau**, 348 West 57th Street, #175 New York, NY 10019, USA
vertreten durch: Rechtsanwalt Niklaus Glatthard und/oder Rechtsanwalt und Notar Dr. Melchior Glatthard, Advokatur & Notariat Glatthard, Limmatquai 80, 8001 Zürich

**gegen**

**SingularDTV GmbH**, Poststrasse 30, 6300 Zug

**Anwesende**
**Friedensrichter**
Johannes Stöckli

**Klagende Partei**
Herr **Zachary James LeBeau**, 348 West 57th Street, #175 New York, NY 10019, USA
vertreten durch: Rechtsanwalt Niklaus Glatthard, Advokatur & Notariat Glatthard, Limmatquai 80, 8001 Zürich, gehörig bevollmächtigt

**Beklagte Partei**
**SingularDTV GmbH**, Poststrasse 30, 6300 Zug
vertreten durch: Patrik Allenspach, Zeichnungsberechtigter EU
verbeiständet durch: RA Dr. Michael Mráz, Wenger Vieli AG, Dufourstrasse 56, 8034 Zürich

---

**betreffend Forderung:**

**Rechtsbegehren der klagenden Partei gemäss Schlichtungsgesuch vom:**
**(Poststempel 25. September 2021; Eingang beim Friedensrichteramt 27. September 2021)**

1. Es sei die Beklagte gestützt auf Art. 821 Abs. 3 OR gerichtlich aufzulösen, die Liquidation durch eine(n) neutrale(n), gerichtlich bestimmte(n) Liquidator/-in anzuordnen;

2. *Eventualiter* sei gemäss Art. 821 Abs. 3 OR auf eine andere sachgemässe und den Beteiligten zumutbare Lösung zu erkennen;

3. Es seien die Auflösung der Beklagten sowie die/der ernannte Liquidator/-in, eventuell die Wirkungen einer anderen sachgemässen Lösung, zur Eintragung in das Handelsregister anzumelden.

Unter Kosten- und Entschädigungsfolgen, inkl. MwSt., zu Lasten der Beklagten.

**Rechtsbegehren der beklagten Partei mündlich an der Verhandlung vom 2. Dezember 2021:**

1. Die Rechtsbegehren des Klägers seien vollumfänglich abzuweisen, der dargestellte Sachverhalt wird in allen Teilen bestritten.

2. Unter Kosten- und Entschädigungsfolgen, inkl. MwSt., zu Lasten des Klägers.

**Mit schriftlicher Eingabe, übergeben anlässlich der Verhandlung vom 2. Dezember 2021, erhebt die Beklagte Widerklage mit den folgenden Rechtsbegehren:**

1. Es sei der Kläger und Widerbeklagte, unter Androhung der Bestrafung im Widerhandlungsfalle gemäss Art. 292 StGB, zu verpflichten, der Beklagten und Widerklägerin spätestens bis 5 Tage nach Rechtskraft des Urteils die sich auf der Ethereum-Blockchain im Wallet mit der Adresse 0xc78310231aA53bD3D0FEA2F8c705C67730929D8f befindlichen 12'000.4154541444426866188 Ether auf das sich auf der Ethereum-Blockchain befindliche Wallet mit der Adresse 0x62f089F522083a3012d10C35017DF964449432f9 zu übertragen sowie Schadenersatz in der Höhe der gerichtlich festzustellenden Wertverminderung der 12'000.4154541444426866188 Ether zwischen dem 2. Juni 2021 bis zum Urteilszeitpunkt nebst Zins zu 5% seit dem 2. Juni 2021, zu bezahlen

2. Für den Fall der Nichterfüllung innert der Frist nach Ziffer 1 sei der Kläger und Widerbeklagte zu verpflichten, der Beklagten und Widerklägerin den vom Gericht zu bestimmenden Geldwert in USD der 12'000.4154541444426866188 Ether im Urteilszeitpunkt nebst Zins zu 5 % seit dem Urteilszeitpunkt sowie Schadenersatz in der Höhe der gerichtlich festzustellenden Wertverminderung der 12'000.4154541444426866188 Ether zwischen dem 2. Juni 2021 und dem Urteilszeitpunkt nebst Zins zu 5% seit dem 2. Juni 2021, zu bezahlen.

3. Der Kläger und Widerbeklagte sei zu verpflichten, der Beklagten und Widerklägerin Schadenersatz in noch zu bestimmender Höhe, jedoch nicht unter CHF 2 Millionen zu bezahlen.

4. Alles unter Kosten- und Entschädigungsfolgen zulasten des Klägers und Widerbeklagten.

**Nichteinigung/Klagebewilligung (Art. 209 ZPO)**

1. Nichteinigung.

2. Antrag der klagenden Partei auf Ausstellung der Klagebewilligung.

**ergeht folgende Verfügung:**

1. Es wird festgestellt, dass sich die Parteien nicht geeinigt haben (Art. 209 Abs. 1 ZPO).

2. Der klagenden Partei wird die Klagebewilligung erteilt (Art. 211 Abs. 2 lit. b ZPO).

3. Nach Eröffnung berechtigt die Klagebewilligung während dreier Monate zur Einreichung der Klage beim Kantonsgericht Zug (Art. 209 Abs. 3 ZPO i.V.m. § 27 Abs. 1 GOG). Bezüglich der Klageschrift sind die Vorschriften von Art. 131 ZPO, Art. 221 ZPO (ordentliches Verfahren) bzw. Art. 243f ZPO (vereinfachtes Verfahren) zu beachten (siehe Rückseite).

**Nach Erteilung der Klagebewilligung ergeht folgende Verfügung:**

1. Von der Nichteinigung im Schlichtungsgesuch wird Vormerk genommen und das Verfahren Nr. 563/21 als erledigt am Protokoll des Friedensrichteramtes Zug abgeschrieben (Art. 209 ZPO).

2. Die Kosten des Schlichtungsverfahrens von CHF 500.00 werden der klagenden Partei auferlegt. Sie hat diese mittels Vorschuss bezahlt.

3. Mitteilung an: Parteien (Eingeschrieben)

Zug, 6. Dezember 2021



Friedensrichteramt Zug
Johannes Stöckli, Friedensrichter

Beilagen
- Teile der eingereichten Beilagen retour an klagende Partei

Geht per Einschreiben an
- Rechtsanwalt Niklaus Glatthard und/oder Rechtsanwalt und Notar Dr. Melchior Glatthard, Advokatur & Notariat Glatthard, Limmatquai 80, 8001 Zürich
- RA Dr. Michael Mráz, Wenger Vieli AG, Dufourstrasse 56, 8034 Zürich

**Eingaben der Parteien:**
**Art. 131 ZPO** Anzahl
Eingaben und Beilagen in Papierform sind je einem Exemplar für das Gericht und für jede Gegenpartei einzureichen; andernfalls kann das Gericht eine Nachfrist ansetzen oder die notwendigen Kopien auf Kosten der Partei erstellen.
**Ordentliches Verfahren:**
**Art. 221 ZPO** Klage
[1] Die Klage enthält:
  a. die Bezeichnung der Parteien und allfälliger Vertreterinnen und Vertreter;
  b. das Rechtsbegehren;
  c. die Angabe des Streitwerts;
  d. die Tatsachenbehauptungen;
  e. die Bezeichnung der einzelnen Beweismittel zu den behaupteten Tatsachen;
  f. das Datum und die Unterschrift.
[2] Mit der Klage sind folgende Beilagen einzureichen:
  a. eine Vollmacht bei Vertretung;
  b. gegebenenfalls die Klagebewilligung oder die Erklärung, dass auf das Schlichtungsverfahren verzichtet werde;
  c. die verfügbaren Urkunden, welche als Beweismittel dienen sollen;
  d. ein Verzeichnis der Beweismittel.
[3] Die Klage kann eine rechtliche Begründung enthalten.
**Vereinfachtes Verfahren:**
**Art. 243** Geltungsbereich
[1] Das vereinfachte Verfahren gilt für vermögensrechtliche Streitigkeiten bis zu einem Streitwert von 30 000 Franken.
[2] Es gilt ohne Rücksicht auf den Streitwert für Streitigkeiten:
  a. nach dem Gleichstellungsgesetz vom 24. März 1995;
  b. wegen Gewalt, Drohung oder Nachstellungen nach Artikel 28b ZGB;
  c. aus Miete und Pacht von Wohn- und Geschäftsräumen sowie aus landwirtschaftlicher Pacht, sofern die Hinterlegung von Miet- und Pachtzinsen, der Schutz vor missbräuchlichen Miet- und Pachtzinsen, der Kündigungsschutz oder die Erstreckung des Miet- oder Pachtverhältnisses betroffen ist;
  d. zur Durchsetzung des Auskunftsrechts nach dem Bundesgesetz vom 19. Juni 1992 über den Datenschutz;
  e. nach dem Mitwirkungsgesetz vom 17. Dezember 1993;
  f. aus Zusatzversicherungen zur sozialen Krankenversicherung nach dem Bundesgesetz vom 18. März 1994 über die Krankenversicherung.
[3] Es findet keine Anwendung in Streitigkeiten vor der einzigen kantonalen Instanz nach den Artikeln 5 und 8 und vor dem Handelsgericht nach Artikel 6.
**Art. 244** Vereinfachte Klage
[1] Die Klage kann in den Formen nach Artikel 130 eingereicht oder mündlich bei Gericht zu Protokoll gegeben werden. Sie enthält:
  a. die Bezeichnung der Parteien;
  b. das Rechtsbegehren;
  c. die Bezeichnung des Streitgegenstandes;
  d. wenn nötig die Angabe des Streitwertes;
  e. das Datum und die Unterschrift.
[2] Eine Begründung der Klage ist nicht erforderlich.
[3] Als Beilagen sind einzureichen:
  a. eine Vollmacht bei Vertretung;
  b. die Klagebewilligung oder die Erklärung, dass auf das Schlichtungsverfahren verzichtet werde;
  c. die verfügbaren Urkunden, welche als Beweismittel dienen sollen.