

**Neil L. Postrygacz**

December 8, 2021

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

>   *Re:*   **SingularDTV GmbH v. LeBeau, et al**
>           ***1: 21-cv-10130***

Dear Judge Caproni,

On behalf of Defendants Zachary LeBeau and Kimberly Jackson undersigned counsel writes this letter in response to Plaintiff's letter dated December 7, 2021 requesting permission for their witnesses to testify remotely and an adjournment of the scheduled preliminary injunction hearing. Plaintiff SingularDTV GmbH requested that two witnesses, Patrik Allenspach and Michael Mráz, present testimony by video in a European jurisdiction. We write to oppose this request and to request an adjournment so that all witnesses may be able to appear physically in court.

Plaintiff submitted declarations from only Mr. Allenspach and attorney Mráz in support of its motion for a preliminary injunction and temporary restraining order (missing from their application is a declaration from Joe Lubin or Arie Cohen). Plaintiff plans on calling both witnesses to testify at the hearing on that motion, currently scheduled for December 14, 2021. Plaintiff puts forth three reasons for the witnesses' inability to testify in person in New York: (I) Mr. Allenspach is unvaccinated against COVID-19 and thus cannot travel to the United States; (II) Mr. Mráz has a previously scheduled deposition on December 14; and (III) Article 271 of the Swiss Criminal Code prevents either witness from testifying in Switzerland without prior permission from the Swiss Ministry of Justice. None of these reasons should prevent Plaintiff from producing its witnesses in person.

Mr. Allenspach's vaccination status is not a valid reason for his inability to enter the United States. Switzerland has been vaccinating its citizens since January 2021.[1] There are three vaccinations available in Switzerland: Moderna, Pfizer/BioNTech, and Johnson

---

[1] Vaccination, Swiss Federal Office of Public Health, Jan. 12, 2021, https://www.bag.admin.ch/bag/en/home/krankheiten/ausbrueche-epidemien-pandemien/aktuelle-ausbrueche-epidemien/novel-cov/impfen.html#-1360246041



and Johnson.[2] Everyone over the age of 12 is eligible to receive a vaccine in Switzerland.[3] Counsel for Plaintiff has not suggested that Mr. Allenspach's vaccination status is a result of either a medical or religious exemption. In fact, counsel has not provided any reason for Mr. Allenspach's vaccination status. Mr. Allenspach chose not to be vaccinated. Further, Plaintiff chose him to provide testimony for this case filed in New York. Plaintiff's counsel must have known that Mr. Allenspach would need to travel to the United States to testify. Mr. Allenspach should not be able to testify virtually simply because he made a personal choice not to be vaccinated.

Mr. Mráz also cannot attend the hearing on December 14th in person because of a previously scheduled commitment to appear at an arbitration hearing in Switzerland on the same day. Of course, Mr. Mráz cannot testify physically in Switzerland and New York on the same day. Mr. Mráz' prior commitment to appear at a Swiss arbitration would not be an issue if the hearing was adjourned to a day in which he is available, however, because of Mr. Allenspach's vaccination status and his inability to be fully vaccinated by next week, an adjournment would allow both parties to be physically present in New York, Plaintiff's choice of forum, to provide testimony.

Plaintiffs also suggest that Article 271 of the Swiss Criminal Code prevents the parties from testifying by video in Switzerland without prior approval from the Swiss Ministry of Justice. It does not, however, prevent the witnesses from testifying in another European jurisdiction. Plaintiff has requested that the witnesses be allowed to provide testimony from another European jurisdiction because they cannot receive permission from the Swiss Ministry of Justice to provide video testimony in Switzerland by December 14. Plaintiffs rely on a Department of State website which only mentions a prohibition against taking voluntary depositions. Plaintiffs' assertion that this law also applies to testimony is not cited, and we could not find authority to support this.

Plaintiff's counsel is now suggesting circumventing this criminal statute by allowing the witnesses to testify by video in another European jurisdiction. Assuming that Article 271 does actually prevent witnesses from virtually testifying in Switzerland without permission, it does not prevent the parties from appearing in New York; the statute only applies to video testimony. Article 271—as plaintiff's counsel points out—applies to voluntary testimony given in Switzerland. The witnesses' violation of this statute would not be an issue if their testimony were in person. If Mr. Mráz and Mr. Allenspach were provided an extension due to Mr. Allenspach's vaccination status and Mr. Mráz' prior commitment, there is no reason these witnesses should not be able to appear in person on a date in which they are both available.

---

[2] Id.

[3] Id.

175 Varick Street, New York, NY 10014 | Tel +1-212-392-4945 | Fax +1-646-514-1997 | neil@neilesq.com
www.neilesq.com



Further, there are witnesses in New York with personal knowledge who are available to testify. Joe Lubin and Arie Cohen both live in or around New York and have actual personal knowledge of the disputed facts in this matter as well as the Derivative Action filed in Supreme New York. Despite the availability of alternative witnesses who live in or around New York, Plaintiff's counsel chose to use two Swiss witnesses. It appears as if Mr. Lubin and Mr. Cohen along with their personal knowledge of the relevant disputed facts have been purposefully sequestered from these proceedings

There is no reason the witnesses should be allowed to provide video testimony when there are alternative witnesses who are available to testify in person. Further, Plaintiff chose to file this case in New York, despite having the option to file in Switzerland. Plaintiffs could have filed in Switzerland and used Swiss witnesses, or they could have chosen to provide witnesses domiciled in New York after filing in New York. For some unknown reason, Plaintiff has chosen to use Swiss witnesses who have numerous conflicts keeping them from quickly entering the United States. Plaintiff claims they just learned about the Swiss statute allegedly requiring consent but surely Mr. Mraz, one of its proposed witnesses and an attorney in Switzerland, should have been well aware of the consent requirement.

We agree with plaintiff's counsel that an extension of the hearing and the TRO conditions will cause no prejudice to either party. However, the extensions should not allow plaintiff to hide their Swiss witnesses. We understand that the next available date for a hearing would be in January 2022, as the Court indicated during oral arguments. We respectfully request an extension either so that Mr. Mráz and Mr. Allenspach may appear to testify in person, or so that plaintiff may produce witnesses in New York with personal knowledge who can testify in person.

        Respectfully submitted,

        _____/nlp/_____
        Neil L. Postrygacz, Esq.
        Neil L. Postrygacz
        Attorney at Law, P.C.
        217 34th Street
        Brooklyn, New York 11232
        (646) 642-7492
        Neil@neilesq.com

        *Attorneys for Defendants*



175 Varick Street, New York, NY 10014 | Tel +1-212-392-4945 | Fax +1-646-514-1997 | neil@neilesq.com
www.neilesq.com