# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

December 8, 2021

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC)

Dear Judge Caproni:

We represent Plaintiff SingularDTV GmbH (the "Company") in the above-captioned action. We write to briefly respond to the letter submitted earlier this afternoon (Dkt. No. 41) by counsel for Defendants Zachary LeBeau and Kimberly Jackson.

In his letter, defense counsel contends that the Court should do two things.

*First*, defense counsel requests that the Court postpone the preliminary-injunction hearing to next year and enter a corresponding extension of the conditions imposed by the temporary restraining order (the "TRO") entered by the Court on December 1 (Dkt. No. 21) and modified on December 2 (Dkt. No. 25). **This is precisely the relief to which Defendants, following a meet-and-confer discussion between counsel, refused to consent yesterday.** An adjournment of the hearing and corresponding extension of the TRO provisions—which, as noted in the Company's first letter on this issue, is necessary for a TRO to remain in place for longer than 28 days (*see* Dkt. No. 35 at 2)—would have permitted the Company to seek the permission required to allow Messrs. Allenspach and Mráz to testify remotely from Switzerland, obviating the need for them to move to a separate European jurisdiction to testify remotely. When defense counsel informed counsel for the Company that Defendants would not consent to such an arrangement, the Company sought the Court's permission for the only reasonably available alternative: a brief postponement of part of the hearing to a later date in December, which is necessary ensure that Mr. Mráz is able to participate consistent with his schedule. To be clear, the Company remains open to an appropriate adjournment of the hearing that would obviate the need for either witness to travel, but Defendants' consent to an extension of the TRO conditions is required for that alternative to work.

*Second*, defense counsel asks that, at the postponed hearing, the Court require all witnesses to appear in person. Notably absent from Defendants' letter is any reason why they believe live

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (Dubai, London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Valerie E. Caproni
December 8, 2021
Page 2

testimony from Messrs. Mráz and Allenspach would be superior to testimony by videoconference, and if Defendants have specific objections to videoconference testimony that can be resolved by the parties' agreement, the Company is open to discussing them. As it stands, however, one of the two declarants who submitted sworn statements in support of the Company's motion for preliminary injunction cannot testify in person because of his vaccination status. Unless Mr. Allenspach is permitted to testify remotely, he will not be able to participate in the hearing, and the record on which the Court must rule will be informed by one fewer key witness.

Nor is this, as defense counsel suggests, a matter of the Company's choosing the wrong witnesses. The witnesses who submitted declarations in support of the Company's preliminary injunction—and from whom the Company intends to introduce testimony at the hearing—are:

- Mr. Mráz, a Swiss lawyer whose testimony is necessary to illuminate the foreign-law issues implicated by the Company's motion; and

- Mr. Allenspach, the Company's resident signatory and representative, who is more involved than any other individual with the Company's day-to-day operations and who has personal knowledge of many of the relevant events.

Defense counsel's suggestion that the Company could instead call two of its Directors, Joseph Lubin and Arie Levy-Cohen, is misplaced. As an initial matter, Mr. Lubin is an apex witness, with executive responsibilities at multiple corporations that will require the scheduling of any testimony (and preparation for the same) weeks in advance. And even laying aside that impracticality, Defendants' suggestion that the "right" witnesses are the Company's other two shareholders is nothing more than an attempt—much like Defendants' opposition to the preliminary injunction itself—to inject an irrelevant shareholder dispute into this case.

The Company's motion for preliminary injunction—like this case more broadly—is about the Company's control of its assets; it is not about the shareholders' control of the Company. The Company has proffered two witnesses whose testimony goes directly to those asset-control issues, and the Court should accommodate their testimony either by granting the brief extension requested in the Company's initial letter (which would permit Mr. Mráz to testify remotely from another European jurisdiction) or by adjourning the hearing to a later date, consistent with Defendants' consent to such an extension, so that the Company can obtain permission for Messrs. Mráz and Allenspach to testify remotely from Switzerland.

Respectfully submitted,

/s/ Benjamin J.A. Sauter
Benjamin J.A. Sauter
benjamin.sauter@kobrekim.com
212-488-1288