City of New York, State of New York, County of New York

I, Nathalie Tauchner, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation from German into English.

_____
Nathalie Tauchner

LETTERHEAD WENGER VIELI

563/21   December 2, 2021
Zachary James LeBeau c/Singular DTV GmbH
Arbitration Request of September 24, 2021 - Position and Counter Claim

Dear Justice of the Peace

In the Matter of

**Mr. Zachary James LeBeau**, 345 West 57th Street, #175 New York, NY 10019, USA

**Plaintiff/Counter Defendant**

represented by attorney Niklaus Glatthard and/or attorney and notary Dr. Melchior Glatthard, Law Office and Notary Glatthard, Limmatquai 80, 8001 Zürich

Against

**SingularDTV GmbH**, Poststrasse 30, 6300 Zug

**Defendant/Counter Plaintiff**

Represented by Attorney Dr. iur. Michael Mraz, Wenger Vieli AG, Dufourstrasse 56, Postfach, 8034 Zürich

Regarding

**CLAIM FOR DISSOLUTION/SURRENDER AND COMPENSATION**

I am submitting the attached statement in the name of, and behalf of, the Defendant in response to the Plaintiff's arbitration request and am simultaneously raising a

**COUNTER CLAIM**

With the following

**LEGAL PETITION**

1. The Plaintiff and Counter Defendant shall be compelled under penalty of punishment under Art. 292 of the StGB to transfer to the Defendant and Counter Plaintiff at the latest 5 days after legal effect of the judgement the 12'000.4154541444426866188 Ether, located on the Ethereum-Blockchain in the wallet with the address 0xc78310231aA53b-D3D0FEA2F8c705C77730929D8f to the wallet located on the Ethereum-Blockchain with the address 0x62f089a3012d10C35017DF964449432f9 and to pay compensation in the amount of the court-determined decrease in value of the 12'000.4154541444426866188

Ether between June 2, 2021 until the date of the judgment together with interest of 5% since June 2, 2021.

2. In case of failure to comply with section 1, the Plaintiff and Counter Defendant shall be compelled to pay in USD to the Defendant and Counter Plaintiff the monetary value, as determined by the court, of the 12'000.4154541444426866188 Ether at the time of judgment plus interest of 5% from the judgment date in addition to the court-determined decrease in value of the 12'000.4154541444426866188 Ether between June 2, 2021 until the date of the judgment together with interest of 5% since June 2, 2021.

3. The Plaintiff and Counter Defendant shall be compelled to pay to the Defendant and Counter Plaintiff compensation in an amount to be determined (but no less than CHF 2 million).

4. All of the costs and consequences of the compensation shall be at the expense of the Plaintiff and Counter Defendant.

## JUSTIFICATION

### I. FORMALITIES

1. The undersigned is duly authorized
   BO: Power of Attorney of August 31, 2021

   **Previously Submitted**

2. A defending party can raise a counter claim in an already existing arbitration process where applicable (Art. 209 Abs. 2 lit. b ZPO)

3. According to Art. 40 Abs. 1 ZPO the appropriate court for corporate claims is the residence or location of the defending party. The Plaintiff is a corporation with its location in Zug. The local authority of the arbitration authority is thus established.

4. Under Art. 197 ZPO the decision making process is preceded by an arbitration attempt. In this case there is no exemption under Art. 18 ZPO. The office of the Justice of the Peace of the city of Zug is the appropriate arbitration authority in civil matters and as such is the competent forum for the arbitration proceedings in terms of subject matter and location (Art. 197 ZPO I.V.m. P 38 of the court proceeding laws of the Kanton Zug)

### II. MATERIAL MATTERS

### A. REGARDING THE PLAINTIFF'S CLAIM

5. The Plaintiff demands the dissolution and liquidation of the Defendants under Art. 821 Abs. 3 OR. A prerequisite for this is an "important reason."

6. The Defendant contests the existence of an important reason and therefore the merits of the complaint. The Plaintiff contends that there exists an irreconcilable breakdown among the parties and that he can no longer be expected to continue the relationship. However, it is the Plaintiff himself who caused his recall as chief executive and the loss of his power of authority through his unilateral/arbitrary actions as CEO and business executive for the Defendant. The Plaintiff attempts with the claim before us to detract from his mistakes and, so it stands to reason, to increase his "exit-price." Such behavior does not warrant legal protection.

7. The Plaintiff further ignores the decision of the (remaining) business executives of the Defendant of May 27, 2021 in which a liquidation committee was agreed upon which was to establish the prerequisites for an orderly liquidation of the Defendant. The Plaintiff was even invited to participate in this committee.
   BO: Decision of the Chief Executives of the Defendant of May 27, 2021

**Attachment 1**

8. The Plaintiff is merely attempting to take control of matters and to force his agenda on the other business partners.

## B.     COUNTER CLAIM OF THE DEFENDANTS

### 1.     Ziff. 1: Surrender of the Ethers

9. The Defendant demands that the Plaintiff and Counter Defendant be compelled to transfer the approximately 12'000 Ether ("ETH") - tokens on the Ethereum Blockchain from the wallet he solely controls with the number 0xc78310231aA53bD3D0FEA2F8c705C77730929D8f to the wallet of the Defendant at the Bank Frick, the "house bank" of the Defendant since 2018, with the wallet number 0x62f089a3012d10C35017DF964449432f9.

10. The Plaintiff admits in his request for arbitration that "the Ether in the Defendant's wallet has a market value in excess of USD 40,000,000.00." This can only refer to the aforementioned wallet with the number 0xc78310231aA53bD3D0FEA2F8c705C77730929D8f since the company is not in possession of another wallet with ETH worth (today) over USD 50 million.

11. The Plaintiff neglects to mention that the "wallet of the Defendant" is a wallet factually controlled by him alone, and disconnected from the internet (a so called "cold wallet"). The "private key" to this wallet lies under the sole control of the Plaintiff. The Defendant has no possibility to access the assets which even the Plaintiff views as belonging to the Defendant.

12. The Plaintiff was asked by the Defendant to transfer the ETH to a wallet under the control of the Defendant.

BO: E-Mail from Matt Corva to the Plaintiff of June 1, 2021

**Attachment 2**

13. The Plaintiff has not complied with this request to this day. On the contrary, the Plaintiff is using the fact that he has sole control over the primary assets of the Defendant and Counter Plaintiff as a trump card in case of any potential negations with his business partners. This behavior, through which the Plaintiff withholds the Defendant's essential assets for his personal gain, is also relevant as a criminal matter.

### 2.     Ziff. 2: Compensation

14. The Plaintiff and Counter Defendant has caused great damages with his various (unilateral) actions in his role as partner, business executive and CEO of the Defendant.

15. We would like to mention in this context the incident the Plaintiff refers to in his request for arbitration in which the Plaintiff at the beginning of May 2021, transferred assets of the Defendant valued at approximately USD 2 million to two wallets of a hacker (in the form of so called tokens, namely 76.8 million SNGLS tokens and 11,520,000 SNGJ tokens). He did so without first discussing the plausibility of this transaction and without obtaining authority for such a transaction. Had the Plaintiff and Counter Defendant adhered to the governing internal regulations for transactions in this amount, the mistake would not have occurred and damages would have been avoided.

16. Thereafter, the Plaintiff and Counter Defendant - during his time as executive and CEO of the US business SingularDTC LLC (today "Breaker LLC") - issued inflated invoices for services.

17. Moreover, the Plaintiff and Counter Defendant repeatedly used assets of the Defendant and Counter Plaintiff for projects not within the interest of the Defendant. There is further suspicion that the Plaintiff and Counter Defendant favored businesses under his control or connected to him, under the guise of financing projects through the Defendant, without disclosing this conflict of interest.

18. The exact amount of damages caused by the Plaintiff and Counter Defendant is currently subject of forensic examinations. Under no circumstances though is it lower than the damages the Plaintiff caused with his unauthorized transaction in the context of the SNGLS and SNGJ tokens, therefore converted to approximately USD 2 million.

## C.    LEGAL MATTERS

19. The prerequisites for Plaintiff's claim under Art. 821 Abs. 3 OR are not met. Therefore the claim is to be rejected.

20. The counter claim is based on a breach of duties by the Plaintiff in his role as business executive and partner of the Defendant, therefore under Art. 803 and 812 OR as well as Art. 827 I.V.m Art. 754 OR.

In the name of and on behalf of the Defendant and Counter Plaintiff I am asking you, dear Justice of the Peace, to acknowledge and register this counter claim and to issue a (separate) claim authorization for this counter claim.

With the highest respects,

Michael Mraz

**Duplicated
Evidence as noted**