Lc92SinC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SINGULARDTV GMBH,

                Plaintiff,              New York, N.Y.

           v.                           21 Civ. 10130 (VEC)

ZACHARY LEBEAU and KIMBERLY
JACKSON,

                Defendant.

------------------------------x         Remote Conference

                                        December 9, 2021
                                        11:30 a.m.
Before:

                HON. VALERIE E. CAPRONI,

                                        District Judge



                        APPEARANCES


KOBRE & KIM, LLP
     Attorneys for Plaintiff
BY:  BENJAMIN SAUTER
     CHRISTOPHER COGBURN


NEIL L. POSTRYGACZ
     Attorney for Defendant
```

THE COURT:  Let me remind everybody of the rules of a telephone conference.  You have to identify yourself each time before you speak.  If you are in an area where there is ambient noise, which includes your computer ringing bells and things like that, please mute your phone when you are not talking.  And finally, when you hear the bell that someone has come or left, please stop talking long enough for me to make sure that I still have the court reporter on the line.

So I asked for this call because I had gotten a flurry of letters.  I want to make sure that I understand what everyone's position is, and I also wanted to deliver to all of the lawyers the message that I do not like squabbling by lawyers.  If you have got legitimate arguments, that's one thing, but just squabbling for the sake of squabbling does not amuse me.

So the review of what's happened in this is, since I entered the TRO, first, the defendant asked for an adjournment of the preliminary injunction hearing so that his clients could retain new counsel.  In that, he agreed to an extension of the TRO to give his client time to get new counsel.  The plaintiff objected and said, no, because the TRO is not full relief and, furthermore, because the defendant is not in compliance with the TRO.  So I denied it.

Then I get a request from the plaintiff asking for an adjournment of the hearing and indicating that they want an

1  extension of the TRO.  They want the extension because they
2  want to present video testimony of their Swiss witnesses.  The
3  defendant in that flurry of letters agrees to the extension of
4  the TRO but says they don't agree to video testimony.
5            So let me start with you, Mr. Sauter.  You understand
6  that even if I extend the TRO to give you time to get your
7  witnesses' ducks in a row, it's only the TRO that gets
8  extended, so you still will not have the full relief that you
9  requested in the preliminary injunction motion.
10           MR. SAUTER:  Your Honor, I do understand that.  And
11 the only clarification I would make to the summary is we are
12 not seeking a postponement or adjournment of the hearing.  We
13 can go forward with Mr. Allenspach on the 14th, if it can be
14 done by video.  I just wanted to make sure that that was clear.
15           But otherwise, your Honor, I think your summary is
16 accurate, and we understand that if the Court does extend dates
17 for one reason or the other, that it would not be additional
18 relief from what's in place right now.
19           THE COURT:  You could go forward with Allenspach, but
20 that would not be all of the testimony you want to put on, is
21 that correct?
22           MR. SAUTER:  That's correct, your Honor.
23           THE COURT:  How long is Allenspach's testimony
24 expected to be?
25           MR. SAUTER:  I would want to allocate him, your Honor,

1    up to approximately an hour and a half.  We may not need that
2    much time, but I would want him to be able to testify for that
3    much time.
4              THE COURT:  All right.  And let me ask
5    Mr. Postrygacz -- I'm sorry.  I know I have massacred that.
6    Let me confirm that you do not object to an extension of the
7    TRO to a date into January.
8              MR. POSTRYGACZ:  That is correct, your Honor.
9              THE COURT:  Let me ask you again to explain what your
10   objection is to video testimony beyond the fact that it is not
11   the preferred way of proceeding.
12             MR. POSTRYGACZ:  Well, you know, besides the fact that
13   it is not the preferred way of proceeding, this was something
14   that plaintiffs should have been aware of while they were
15   preparing this application for preliminary injunction and
16   submitting the declarations that they submitted.  They should
17   have known, when coming to this court and filing the complaint
18   in this court and seeking the relief in this court, that they
19   would probably need to have their witnesses or they would have
20   to have their witnesses at some point testify in this court,
21   the same that they were unaware -- well, that goes into the
22   videoconferencing, which I won't go into unless your Honor
23   would like me to.
24             But it just goes to the fact that they have created
25   this issue, and I don't think that it is just a preference to

1     live testimony over remote testimony.  I think the statute

2     itself, the rule, you know, in its very language, recognizes

3     for a litany of reasons why it would be a disadvantage for us

4     not to have their witnesses testify here, especially when they

5     have -- and I know their position is that Mr. Allenspach is the

6     right witness, but they have the two other directors who, you

7     know, quote/unquote, they allege have control over the company.

8     They are in the New York area.  So they wouldn't be faced with

9     the same difficulty and, you know, somebody's political choices

10    whether or not to vaccinate, that shouldn't -- that shouldn't

11    then come and affect defendants by not being able to

12    cross-examine that witness in court, live testimony.  And I

13    think your Honor, in your order, actually suggested that the

14    witnesses appear live.

15          You know, if counsel wants to, you know, make a motion

16    or if the Court would entertain briefing in this, then that may

17    be what's needed.  I do cite to one recent case in the Southern

18    District that recognized the preference for live testimony even

19    though Rule 43 does allow for remote.  The notes, the

20    commentary are consistent with that and, you know, there were

21    other cases that I just didn't want to inundate the Court with.

22          So I think, you know, based on the fact that this was

23    something that plaintiff should have been well aware of when

24    preparing and bringing this application, they chose who to

25    submit declarations of and they are choosing who their

1  witnesses should be.  That is the sum and substance of our
2  opposition to the remote testimony.
3         I would like to say, your Honor, that we are not
4  looking for counsel to replace me.  We are looking for
5  co-counsel.
6         And as far as compliance with the TRO, we have been in
7  communication with plaintiff's counsel working on whatever
8  issues, you know, they have addressed, and we are currently --
9  we just learned from plaintiff's counsel that they have agreed
10 to a migration of all of the Swiss entity e-mail accounts to a
11 separate server that's controlled just by their clients, which
12 would deal with many of the issues raised in their complaint
13 and in their preliminary injunction application.
14         THE COURT:  Okay.
15         MR. POSTRYGACZ:  Thank you, your Honor.
16         THE COURT:  Thank you.
17         I am going to adjourn the preliminary injunction
18 hearing to January 4 at 10:00.  The TRO as amended is extended
19 until that date.
20         Let me also say to Mr. Sauter, I prefer in-person
21 testimony.  That said, I'm going to allow the European
22 witnesses to testify via video if that's the plaintiff's
23 preference.  But recognize that I appreciate the fact that that
24 impinges on, to some extent it makes it more difficult to
25 conduct cross-examination, and it also impairs to some extent

Lc92SinC

1  the fact-finder's ability to assess credibility.  But you are
2  going to be the master of your case.  If you want to put these
3  men on via video, I will allow you to do so.
4          That said, you, as the proponent of the video
5  testimony, are responsible for coordinating with the Court's
6  technical people so that we have an appropriate connection for
7  the witnesses from Europe.  I don't know what that is.  I don't
8  know exactly what all needs to be done, but you need to
9  coordinate with them.  You can call Angela to get the contact
10 point for the technical people.
11         MR. SAUTER:  Understood, your Honor.
12         THE COURT:  Defendant wanted to hire new counsel,
13 excuse me, additional counsel.  This will give you a little bit
14 of leeway in order to accomplish that.  Because I am adjourning
15 the hearing, if the defendant wants to supplement or refile
16 their brief in opposition to the preliminary injunction, you
17 may do so.
18         Any amended or supplemental brief is due December 27.
19 Plaintiff's reply, if a new brief is filed, will be due January
20 3 at 10:00, 10 a.m.
21         All right.  That's everything I have on my agenda.
22 Anything further from the plaintiff?
23         MR. SAUTER:  One question, your Honor.  There is a
24 current briefing deadline of this Friday for reply.  Would your
25 Honor want us to put in a reply tomorrow and then adhere to

Lc92SinC

1  that or just wait to see if they have put in something else
2  pursuant to the deadlines your Honor just issued?
3      THE COURT:  Let me ask you, what's the defendant's
4  position?  Are you likely to file a supplemental brief?
5      MR. POSTRYGACZ:  I don't -- I'm not sure, your Honor,
6  but I would want them to be able to file their reply on the
7  10th.  I don't think -- whether or not we file a supplemental,
8  they can deal with any supplemental issues in their brief
9  January 3.  I think they should still adhere to the briefing
10 schedule that was first ordered by your Honor.
11     THE COURT:  That's fine, but let me make it clear to
12 the defendant, that what I am authorizing you to do is to
13 submit a supplemental brief or a substitute brief.  I am not
14 authorizing you to submit a rebuttal to their reply.
15 Understood?
16     MR. POSTRYGACZ:  Understood, your Honor.
17     THE COURT:  All right.  So Mr. Sauter, your reply is
18 due on whatever date it is already due on, and you only get
19 another whack at all of this if the defense decides to submit
20 another brief.
21     MR. SAUTER:  Understood, your Honor.
22     THE COURT:  Okay.  Anything further from the
23 defendant?
24     MR. POSTRYGACZ:  Your Honor, just so we don't waste
25 the Court's time with a later flurry of letters, I know there

1  is a question regarding when we should have witness lists and
2  exhibit lists.  Does your Honor want to order those or is that
3  something that should be worked out between the parties.
4        THE COURT:  Work it out between the parties if at all
5  possible.  If it's not possible, I will set whatever date I
6  deem appropriate.  So I would suggest you work it out between
7  you, because you know better than I do what all you are going
8  to have to do.
9        Let me ask, is defendant planning to put witnesses on
10 at the preliminary injunction hearing?
11       MR. POSTRYGACZ:  Yes, your Honor.  And pursuant to
12 your Honor's suggestion, as well, based on the disputed issues
13 at play here, we do intend to present at least one witness, if
14 not more.
15       THE COURT:  Okay.  So just so I can figure out my
16 schedule, what I am going to ask you to do is, not later than
17 December 29, I'm going to ask you both to submit a witness list
18 of who you intend to call and include in the witness list your
19 anticipated length of testimony.
20       Do all witnesses speak English, Mr. Sauter?
21       MR. SAUTER:  My side they all speak English, your
22 Honor, correct, and I do not anticipate that we would use a
23 translator.
24       THE COURT:  Well, no, you won't if they speak English;
25 but if they don't speak English, you will.

Lc92SinC

1    MR. SAUTER:  Correct.  They are not native English
2    speakers, your Honor, but I think that they speak English well
3    enough to testify in English.  That's our plan for now, yeah.
4    THE COURT:  How about from the defendant's side?  Do
5    your witnesses speak English?
6    MR. POSTRYGACZ:  Yes, your Honor.
7    THE COURT:  Okay.  So by the 29th I want a witness
8    list from both sides with an anticipated -- with your estimate
9    of how long the witness's direct testimony is going to be.  Let
10   me give you fair warning that on the 2nd it is my hope that you
11   have my -- I'm sorry, on the 4th, from that point on, you will
12   have my undivided attention, but I am starting a criminal trial
13   next week.  I have every reason to believe it's going to be
14   finished well before then, but if it's not, you are going to
15   get bumped.
16   MR. POSTRYGACZ:  Understood.
17   THE COURT:  Okay.  We will keep you posted or you can
18   just check.  You can call chambers and we will let you know
19   whether the trial is over.
20   MR. POSTRYGACZ:  Okay.
21   MR. SAUTER:  Understood, your Honor.
22   MR. POSTRYGACZ:  Understood.
23   THE COURT:  Anything further from the plaintiff?
24   MR. SAUTER:  Not at this time, your Honor.
25   THE COURT:  Anything further from the defendant?

Lc92SinC

1           MR. POSTRYGACZ:  No, your Honor.  Thank you.
2           THE COURT:  All right.  Thanks, everybody.  Bye-bye.
3                              oOo