# EXHIBIT A

## PROPOSED DOCUMENT REQUESTS

## Definitions

1. **"You"** and **"Your"** refer to Zachary LeBeau and Kimberly Jackson, along with any of their predecessors, successors, assigns, managers, officers, directors, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as any other person under their direction or control or from which they have the right or the practical ability to obtain information, records, or documents of any kind.

2. **"Communication(s)"** means any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

3. **"Concerning"** means directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring or relating to in any way.

4. **"Document(s)"** means all recorded words, information, communications, or data of any kind, however created, recorded, stored, or maintained, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports, and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, or other notes; checks, front and back; check vouchers, check stubs, or receipts; wire transfer requests, approvals, orders, and confirmations; tape data sheets or data processing cards or discs or any other

written, printed, typewritten, or otherwise recorded matter, however produced or reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form; Electronically Stored Information (as defined below); internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, any mobile device or personal digital assistant; and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

    5.    **"Electronically Stored Information" ("ESI")** includes without limitation:

        a.  information that is generated, received, processed, and recorded by computers and other electronic devices, including without limitation voicemails;

        b.  internal or external web sites;

    c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mails, instant messenger programs, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

    d. activity listings of electronic mail receipts and transmittals; and

    e. any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, smartphone or personal digital assistant (Palm Pilot, Blackberry, iPhone, iPad, or similar device).

6. **"Person"** includes both a natural person and a corporation, company, government or regulatory agency, or other entity of any kind.

7. **"Cold Wallet Address"** means the Ethereum blockchain address 0xc78310231aa53bd3d0fea2f8c705c67730929d8f.

8. **"Cold Wallet Device"** means any electronic hardware device used at any time to store seed phrases, passwords, or other authorizing information necessary to transact in digital assets held at the Cold Wallet Address.

9. **"Paper Wallet"** means the sheets of paper delivered by You to an escrow agent on January 27, 2022, pursuant to an escrow agreement between You and SingularDTV GmbH.

## Instructions

10. Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all".

11. All Documents and Communications produced pursuant to this subpoena are to be produced as they are kept in the usual course.

12. If a Document or Communication is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information is to be supplied for each Document:

   a. the nature of the privilege being claimed;

   b. the type of Document;

   c. general subject matter of the Document;

   d. the date of the Document; and

   e. other such information as is sufficient to identify the Document including where appropriate, the author(s) of the Document, the addressee(s) of the Document, the identity of any Person who had an opportunity to review such Document and, where not apparent, the relationship of the author and the addressee to each other.

13. If any portion of any Document or Communication is responsive to any request in this subpoena, the entire Document or Communication is to be produced.

14. Each Document or Communication requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified by Instruction 4, regardless of whether You consider the entire Document relevant or responsive to this subpoena. If You have redacted any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified on a privilege log in accordance with Instruction 4.

15. All Documents and Communications are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such Documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

16. All Documents and Communications which cannot be legibly copied must be produced in their original forms.

17. Non-identical copies of Documents, drafts, or copies with annotations, and marks of marginalia shall be treated and produced as separate Documents.

18. All ESI responsive to this subpoena that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified or distributed, as well as the author(s) and recipient(s) of the Document.

19. If any of these requests cannot be responded to in full, You are to produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents, and stating what knowledge, information, or belief You have concerning the unproduced portion.

**Document Requests**

1. All documents concerning the acquisition or configuration of any Cold Wallet Device.

2. All documents concerning the dismantling, destruction, or abandonment of any Cold Wallet Device.

3. All documents concerning the physical location of any Cold Wallet Device at any point in time.

4. All documents identifying, referring to, or evidencing the individuals with access to any Cold Wallet Device at any point in time.

5. All documents concerning the printing of the Paper Wallet.

6. All documents concerning the storage of the Paper Wallet at any point in time.

7. All documents identifying, referring to, or evidencing the individuals with access to the Paper Wallet or the information printed on it at any point in time.

8. All documents concerning methods through which funds on the Cold Wallet have been transferred at any point in time, including, without limitation, Your transfer of ETH to an escrow agent on January 25, 2022, pursuant to an escrow agreement between You and SingularDTV GmbH.

9. All communications between You and any other person describing, evidencing, disclosing, or otherwise referring to the existence of the Paper Wallet.

10. All communications between You and any other person describing, evidencing, disclosing, or otherwise referring to the dismantling, destruction, or abandonment of any Cold Wallet Device.