UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SINGULARDTV GmbH,

                  Plaintiff,

-against-

ZACHARY LEBEAU and KIMBERLY
JACKSON,

                  Defendants.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/6/22

21-CV-10130 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

On January 25, 2022, after granting Plaintiff SingularDTV GmbH ("SingularDTV")'s motion for a temporary restraining order, the Court entered a Consent Order in this case, requiring the transfer of digital financial assets to an escrow agent while the parties litigate who rightfully controls SingularDTV. *See generally* Consent Order, Dkt. 66. The Consent Order, which was drafted by the parties, required Defendants Zachary LeBeau and Kimberly Jackson to transfer cryptocurrency held on a cold wallet hardware device ("Cold Wallet") and physical possession of the device storing the Cold Wallet to an escrow agent. *Id.* at 1–2. SingularDTV now moves for an order authorizing expedited discovery, asserting that Defendants are violating the Consent Order. Not. of Mot., Dkt. 75.

Plaintiff contends that Defendants still possess a physical device or devices associated with the Cold Wallet, and that Defendants' failure to deliver whatever physical hardware is in their possession violates the plain terms of the order. Pl. Mem., Dkt. 76 at 1. The relevant language in the Consent Order requires Defendants to "deliver physical possession of the device storing the Cold Wallet, together with all charging devices and authorizations including log-in information and passwords, to" the escrow agent. Consent Order at 2. In order to determine the

1

extent to which Defendants may have violated the Consent Order, SingularDTV requests immediate production of nonprivileged documents responsive to a certain set of requests and that Mr. LeBeau appear for a deposition within seven days of completion of that document production. Pl. Mem. at 1. Mr. LeBeau opposes the motion. *See generally* Def. Mem., Dkt. 85.[1] For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## DISCUSSION

### I.     Legal Standard

When determining whether to grant expedited discovery, courts in this District apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). Four factors govern this inquiry: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998) (citations omitted). Expedited discovery has been deemed appropriate for potential violations of court orders, including preliminary injunctions, as a court has the authority to enforce its own orders. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 417–18 (E.D.N.Y. 2007).

### II.    Plaintiff Has Demonstrated That Expedited Discovery Is Appropriate

Beginning with the first prong, a violation of the Consent Order easily gives rise to an irreparable injury. For essentially the same reasons that the Court initially granted Plaintiff's motion for a temporary restraining order, *see* Dkt. 21, the Court finds that Plaintiff will suffer

---

[1] Ms. Jackson did not join Mr. LeBeau's brief in opposition nor file her own. Accordingly, the Court assumes that Ms. Jackson does not object to the Plaintiff's request for expedited discovery.

irreparable harm if its assets continue to be held by another party. *See Glob. Switching, Inc. v. Kasper*, No. CV-06-0412, 2006 WL 385315, at *3 (E.D.N.Y. Feb. 17, 2006) (citations omitted) ("A party's loss of control of a business constitutes irreparable harm."); *Intertek Testing Servs., N.A., Inc. v. Pennisi*, 443 F. Supp. 3d 303, 331 (E.D.N.Y. Mar. 9, 2020) (collecting cases finding irreparable harm where unauthorized individuals had access to a company's confidential information). In a somewhat meandering response, Mr. LeBeau argues that Plaintiff will not suffer irreparable harm because no physical device exists. Def. Mem. at 5–6. According to Mr. LeBeau, the digital assets governed by the Consent Order have all been transferred, and can only be accessed via a paper key, which he has already given to the escrow agent. Mr. LeBeau asserts that any mention of a physical device that pertains to the Cold Wallet in the Consent Order is a "scrivener's error." *Id.* at 6; *see also* Hearing Tr., Dkt. 79 at 10–11.[2]

The mere assertion by Mr. LeBeau's attorney that no physical device exists — notably, Mr. LeBeau himself has not submitted an affidavit to that effect — is not enough to allay Plaintiff's understandable concerns, especially considering Mr. LeBeau's prior sworn statement that he had the wallet file on an offline hard drive. *See* Pl. Reply, Dkt. 87 at 1 (citations omitted). That Defendants have fulfilled the obligation of transferring certain cryptocurrency held in the Cold Wallet has no bearing on their obligation to comply with the balance of the Consent Order. The Court cannot credit the unsworn assertion of Mr. LeBeau's attorney that no

---

[2] Apart from his arguments related to the four factors that govern this inquiry, most of Mr. LeBeau's argument in opposition to Plaintiff's motion consists of collateral attacks on the Amended Complaint and a related case before this Court in which Plaintiff previously attempted to intervene. *See* Def. Mem. at 2–4, 6–10. Regardless of the ultimate outcome of this case, the parties signed, and the Court "so ordered", a Consent Order that the Court has the authority to enforce. Arguments about whether this case should proceed in Switzerland or whether there are deficiencies in Plaintiff's Amended Complaint are simply irrelevant to the issue at hand. Pl. Reply, Dkt. 87 at 6–9. Further, Plaintiff's document requests are hardly in the category of "'horror stories' of harassing and abusive litigation techniques". Def. Mem. at 8 (internal quotation marks and citation omitted).

physical device exists given the express language of the Consent Order, Mr. LeBeau's prior sworn statement, and the complete absence of any evidence to support his argument.

With respect to the second prong, Plaintiff has demonstrated a likelihood of success on the merits. Apart from Plaintiff's likelihood of succeeding on the merits of the underlying claims, on which the Court previously ruled when granting the temporary restraining order, should expedited discovery reveal that Defendants have in fact withheld a physical device in violation of the Consent Order, Plaintiff is likely to succeed in pursuing claims for the relinquishment of that asset. *Al Hirschfield Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (noting that a court may hold a party in civil contempt for failure to comply with a court order and grant the injured party compensatory sanctions).

With respect to the tailoring of Plaintiff's request, however, should document production support Mr. LeBeau's assertion that no physical device exists, his deposition may be unnecessary. While the Court agrees that the document requests in Exhibit A to Plaintiff's motion, *see* Dkt. 75-1, are appropriately tailored to the immediate issue, the Court cannot yet determine whether a deposition is needed (although that seems likely). As a result, this portion of Plaintiff's motion is denied without prejudice to Plaintiff re-raising the request for a deposition should the documents produced not unequivocally support Mr. LeBeau's assertion that no physical device exists.

Finally, on the fourth prong, there is clearly evidence that failing to grant expedited discovery will result in a greater injury to Plaintiff than whatever injury Defendants may suffer by having to comply with Plaintiff's requests for document production. Should discovery reveal that Mr. LeBeau is correct, and that no physical device exists, a far lesser harm will befall Mr.

LeBeau in being proven right than would befall Plaintiff in suffering an ongoing, irreparable injury from Defendants' violation of the Consent Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part. Defendants are ordered immediately to produce all nonprivileged documents that are responsive to Plaintiff's requests in Exhibit A to Plaintiff's motion. *See* Dkt. 75-1. Within one week of Defendants' completion of document production, the parties must meet and confer on whether a deposition of Mr. LeBeau is necessary. If the parties cannot agree, Plaintiff must inform the Court whether it is re-raising its request for the Court to order an expedited deposition of Mr. LeBeau. The Court will, at that point, set a schedule for Defendants' response.

The Clerk of Court is respectfully directed to close the open motion at Docket 75.

**SO ORDERED.**

**Date: April 6, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**