# PROVISIONAL REFUSAL OF PROTECTION

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **IDENTIFICATION SECTION** | |
| INTERNATIONAL REGISTRATION NUMBER | 1355164 |
| OFFICE REFERENCE | 79212130 |
| ORIGINAL LANGUAGE CODE | ENGLISH |
| **FILE SECTION** | |
| FILE SPECIFICATION OF THE DOCUMENT | \\TICRS\EXPORT17\IMAGEOUT17\792\121\79212130\xml5\MOC0002.xml |
| **GOODS AND SERVICES SECTION** | |
| ALL GOODS AND SERVICES INDICATOR | Protection has been refused for all the goods and services. |
| **INSTRUCTIONS SECTION** | |
| FREE TEXT PROCESSING INSTRUCTIONS | U. S. designated on 20170314; Non-final examiner action |
| MAIL DATE | 07/28/2017 |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION**
**SERIAL NO.** 79212130

**MARK:**
SINGULARDTV

# *79212130*

**CORRESPONDENT**
**ADDRESS:**

    MME Legal AG
    Kreuzstrasse 42
    P.O. Box 1412
    CH-8032 Zürich
    SWITZERLAND

**CLICK HERE TO RESPOND TO THIS**
**LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

**APPLICANT:**
SingularDTV

**CORRESPONDENT'S**
**REFERENCE/DOCKET**
**NO:**
    N/A
**CORRESPONDENT E-**
**MAIL ADDRESS:**

# OFFICE ACTION

**INTERNATIONAL REGISTRATION NO. 1355164**

**STRICT DEADLINE TO RESPOND TO THIS NOTIFICATION:** TO AVOID ABANDONMENT OF THE REQUEST FOR EXTENSION OF PROTECTION OF THE INTERNATIONAL REGISTRATION, THE USPTO MUST RECEIVE A COMPLETE RESPONSE TO THIS PROVISIONAL FULL REFUSAL NOTIFICATION **WITHIN 6 MONTHS** OF THE "DATE ON WHICH THE NOTIFICATION WAS SENT TO WIPO (MAILING DATE)" LOCATED ON THE WIPO COVER LETTER ACCOMPANYING THIS NOTIFICATION.

In addition to the Mailing Date appearing on the WIPO cover letter, a holder (hereafter "applicant")  may confirm this Mailing Date using the USPTO's  Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  To do so, enter the U.S. application serial number for this application and then select "Documents."   The Mailing Date used to calculate the response deadline for this provisional full refusal is the "Create/Mail Date" of the "IB-1rst Refusal Note."

This is a **PROVISIONAL FULL REFUSAL** of the request for extension of protection of the mark in the above-referenced U.S. application. *See* 15 U.S.C. §1141h(c).  See below in this notification (hereafter "Office action") for details regarding the provisional full refusal.

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

<u>SUMMARY OF ISSUES:</u>

- Prior-Filed Application
- Section 2(d) Refusal – Classes 9, 41, and 42
- Identification of Goods and Services
- Issue Regarding Applicant's Entity Type

<u>PRIOR-FILED APPLICATION</u>

The filing date of pending U.S. Application Serial No. 86891248 precedes applicant's  filing date.  See attached referenced application.  If the

mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION – CLASSES 9, 41, AND 42

*The stated refusal refers to International Classes 9, 41, and 42 only and does not bar registration in the other classes.*

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3522207, 5221770, 3386087, 3415250, and 3412341. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the attached registrations.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by-case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)).

In this case, the following factors are the most relevant: similarity of the marks, similarity and nature of the goods and services, and similarity of the trade channels of the goods and services. *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

Applicant's mark is **SINGULARDTV** in connection with:

Class 9: E-commerce software to enable users to perform electronic business transactions via a global computer network; software; software for cloud computing; downloadable electronic publications

Class 41: Information relating to entertainment provided on-line from a computer database or a global communication network; provision of on-line information in the field of computer games for entertainment purposes; production of sound, music and video recordings; production and publishing of music; online provision of digital music that cannot be downloaded from the Internet; provision of digital music (downloadable) on the Internet; recording, production and distribution of films, video and audio recordings, radio and television programs; television and movie screenplay writing; provision of downloadable entertainment consisting in films, television and music videos on the Internet; provision of television programs and films (non-downloadable) on the Internet

Class 42: Design and development of computers and software; computer database design; design and development of electronic databases; creation and development of computer programs for data processing; data migration services; maintenance and updating of computer software; provision of computer programs for e-commerce

The cited registrations appear in the chart below.

| Mark | Goods / Services | U.S. Reg. No. |
|---|---|---|
| SINGULAR | Magazine on the subject of the interests of single adults | 3522207 |
| SINGULAR SOUND | Class 9: Computer hardware and software for processing digital music files; Computer software and hardware for producing and arranging music; Computer software for creating and editing music and sounds; Computer software for processing digital music files; Computer software for creating and editing music and sounds; Computer software for music production; Computer software for arranging and producing music; Downloadable computer software for production and arrangement of music; Electronic effect pedals for use with sound amplifiers; Music-composition software; Computer programs for processing digital music files | 5221770 |
| SINGULAR INFORMATION | Computer software for use in systems management; computer software for use in data storage management and storage area | 3386087 |

| MANAGEMENT | networks; computer software and hardware for use in data communications; computer software for backing up and restoring computer data; computer software for use in disaster recovery; computer software for use in removable storage media management; computer software for use in the field of enterprise data management; computer software for use in searching enterprise data; computer software for generating reports from databases; computer software for use in the central management of computers attached to a computer network; computer software for replicating and archiving files from one data store to another; computer software for use in developing data analysis applications and other computer software; computer software for monitoring, analyzing, reporting and solving performance and data availability issues of application software, databases, network, storage, and other computer components and programs; instruction manuals supplied as a unit with the foregoing; publications in electronic form, on magnetic and optical computer-readable media or downloadable via computer and communication networks, including the internet, namely, work books, quick reference guides, technical reference manuals, user manuals, and evaluation guides in the field of computers, computer software, computer peripherals, and computer networks | |
|---|---|---|
| SINGULAR INFORMATION MANAGEMENT | Educational services, namely, arranging and conducting workshops, seminars, and training sessions in the fields of computer software, computer networks, computer data storage, and data storage management and distribution of course materials in connection therewith; provision of information and online databases regarding workshops, seminars and conferences in the fields of computer software, computer networks, computer data storage, and data storage management and distribution of course materials in connection therewith | 3415250 |
| SINGULAR INFORMATION MANAGEMENT | Computer programming for others; computer consultation; computer support services, namely, provision of technical assistance and technical support, namely, troubleshooting of computer hardware and software problems; computer software design for others; remote or on-site monitoring of computer systems for technical purposes; monitoring the computer systems of others for technical purposes and providing back-up computer programs and facilities; integration of computer systems and networks; customization of computer hardware and software for end-users | 3412341 |

## Comparison of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014) (citing *In re 1st USA Realty Prof'ls, Inc.*, 84 USPQ2d 1581, 1586 (TTAB 2007)); *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988)); TMEP §1207.01(b).

Marks may be confusingly similar in appearance where similar terms or phrases or similar parts of terms or phrases appear in the compared marks and create a similar overall commercial impression. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689, 690-91 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1495, 1 USPQ2d 1813, 1817 (Fed. Cir. 1987) (finding COMMCASH and COMMUNICASH confusingly similar); *In re Corning Glass Works*, 229 USPQ 65, 66 (TTAB 1985) (finding CONFIRM and CONFIRMCELLS confusingly similar); *In re Pellerin Milnor Corp.*, 221 USPQ 558, 560 (TTAB 1983) (finding MILTRON and MILLTRONICS confusingly similar); TMEP §1207.01(b)(ii)-(iii).

Here, each mark begins with the identical term SINGULAR in the first position of the mark. Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005) ("VEUVE . . . remains a 'prominent feature' as the first word in the mark and the first word to appear on the label"); *In re Integrated Embedded*, 102 USPQ2d 1504, 1513 (TTAB 2016) ("[T]he dominance of BARR in [a]pplicant's mark BARR GROUP is reinforced by its location as the first word in the mark."); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and

remembered" when making purchasing decisions).

In the case of the '207 registration, the mark in the cited registration is fully contained within applicant's mark.

As to the marks in the other cited registrations, the additional wording in each has been disclaimed by registrant. Disclaimed matter that is descriptive of or generic for a party's goods and/or services is typically less significant or less dominant when comparing marks. *See In re Dixie Rests., Inc.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997); *In re Nat'l Data Corp.*, 753 F.2d at 1060, 224 USPQ at 752; TMEP §1207.01(b)(viii), (c)(ii). Similarly, the additional wording in applicant's mark is DTV, which is a common abbreviation for "digital television." See the attached evidence from AcronymFinder.com. Thus, this wording is merely descriptive of a feature of applicant's goods and services, namely, a feature of how applicant's services are performed or transmitted. Accordingly, this wording is less significant in a likelihood of confusion analysis.

Thus, applicant's mark is similar in sound and appearance to the marks in the cited registrations.

### Relatedness of the Goods and Services

The goods and services of the parties need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000) ("[E]ven if the goods in question are different from, and thus not related to, one another in kind, the same goods can be related in the mind of the consuming public as to the origin of the goods."); TMEP §1207.01(a)(i).

The respective goods and services need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

With respect to applicant's and registrant's goods and services, the question of likelihood of confusion is determined based on the description of the goods and services stated in the application and registration at issue, not on extrinsic evidence of actual use. *See Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1323, 110 USPQ2d 1157, 1162 (Fed. Cir. 2014) (quoting *Octocom Sys. Inc. v. Hous. Computers Servs. Inc.*, 918 F.2d 937, 942, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990)).

In this case, the identification set forth in the application and registrations has no restrictions as to nature, type, channels of trade, or classes of purchasers. Therefore, it is presumed that these goods and/or services "travel in the same channels of trade to the same class of purchasers." *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1268, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002)). Further, the application uses broad wording to describe the goods and/or services and this wording is presumed to encompass all goods and services of the type described, including those in the more narrow identifications found in the cited registrations. *See, e.g.*, *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1025 (TTAB 2015); *In re N.A.D., Inc.*, 57 USPQ2d 1872, 1874 (TTAB 2000).

With regard to the '207 registration, the attached evidence from People, Travel + Leisure and Gold Digest shows that printed magazines also are sold in downloadable format such as the goods in applicant's Class 9 identification. Therefore, applicant's and registrant's goods and/or services are considered related for likelihood of confusion purposes. *See, e.g.*, *In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

Evidence obtained from the Internet may be used to support a determination under Section 2(d) that goods and/or services are related. *See, e.g.*, *In re G.B.I. Tile & Stone, Inc.*, 92 USPQ2d 1366, 1371 (TTAB 2009); *In re Paper Doll Promotions, Inc.*, 84 USPQ2d 1660, 1668 (TTAB 2007).

Thus, upon encountering applicant's and registrant's marks, consumers are likely to be confused and mistakenly believe that the respective goods and services emanate from a common source. Accordingly, applicant's mark must be refused registration under Section 2(d) of the Lanham Act.

### Response Options

Applicant may respond to the stated refusal by submitting evidence and arguments against the refusal. In addition, applicant may respond by doing one of the following:

(1)    Deleting the classes to which the refusal pertains;

(2)    Filing a request to divide out the goods and/or services that have not been refused registration, so that the mark may proceed toward

publication for opposition in the classes to which the refusal does not pertain.  *See* 37 C.F.R. §2.87.  *See generally* TMEP §§1110 *et seq.* (regarding the requirements for filing a request to divide). If applicant files a request to divide, then to avoid abandonment, applicant must also file a timely response to all outstanding issues in this Office action, including the refusal.  37 C.F.R. §2.87(e).

*If applicant responds to the refusal, applicant must also respond to the requirements set forth below.*

## IDENTIFICATION OF GOODS AND SERVICES

The identification of goods and services contains parentheses.  Generally, applicants should *not* use parentheses and brackets in identifications in their applications so as to avoid confusion with the USPTO's  practice of using parentheses and brackets in registrations to indicate goods and/or services that have been deleted from registrations or in an affidavit of incontestability to indicate goods and/or services not claimed.  *See* TMEP §1402.12.  The only exception is that parenthetical information is permitted in identifications in an application if it serves to explain or translate the matter immediately preceding the parenthetical phrase in such a way that it does not affect the clarity or scope of the identification, e.g., "fried tofu pieces (abura-age)."  *Id.*

Therefore, applicant must remove the parentheses from the identification and incorporate any parenthetical or bracketed information into the description of the goods and services.

 Further, an identification for computer software must specify the purpose or function of the software.  *See* TMEP §1402.03(d).  If the software is field-specific, the identification must also specify the field of use.  *Id.*  Clarification of the purpose, function, or field of use of the software is necessary for the USPTO to properly examine the application and make appropriate decisions concerning possible conflicts between the applicant's mark and other marks.  *See In re N.A.D. Inc.*, 57 USPQ2d 1872, 1874 (TTAB 2000).

In Class 9, applicant must indicate the form and the subject matter of its publications.

In Class 35, the wording "business process management services and related services provided by consultants" is indefinite and must be clarified as it could identify a wide variety of different services.  Applicant must amend this wording to specify the common commercial or generic name of the services.  *See* TMEP §1402.01.  If the services have no common commercial or generic name, applicant must describe or explain the nature of the services using clear and succinct language.  *See id.*

In Class 41, the wording "provision of digital music (downloadable) on the Internet" and "provision of downloadable entertainment consisting in films, television and music videos on the Internet" in the identification of services must be clarified because it is too broad and could include services in other international classes.  *See* 37 C.F.R. §2.32(a)(6); TMEP §§1402.01, 1402.03.  In particular, this wording could encompass downladable goods in Class 9 that are distributed via the Intnernet.

In Class 42, the wording "provision of computer programs for e-commerce" is indefinite and must be clarified to indicate the nature of the services.

Applicant may adopt the following identification, if accurate (changes in bold):

Class 9: E-commerce software to enable users to perform electronic business transactions via a global computer network; software **for {specify the function of the programs, e.g., use in database management, use in electronic storage of data}**; software for cloud computing **for {specify the function of the software used in cloud computing, e.g., deploying virtual machines to a cloud computing platform, managing virtual machines on a cloud computing platform}**; downloadable electronic publications **in the nature of {indicate the form of the publications e.g., magazines} in the field of {indicate the subject matter e.g., music}**

Class 35: Compilation and systematization of information into computer databases; data processing services; business process management services and related services provided by consultants**, namely, {indicate specific service(s) by the common commercial name of the service(s) e.g., strategic business management consulting}**

Class 38: is definite as filed

Class 41: Information relating to entertainment provided on-line from a computer database or a global communication network; provision of on-line information in the field of computer games for entertainment purposes; production of sound, music and video recordings; production and publishing of music; online provision of digital music that cannot be downloaded from the Internet; provision of digital music **being** downloadable on the Internet**, namely, {indicate a specific service by the common commercial name of the service properly classified in Class 41 e.g., rental of musical recordings that may be downloaded from an Internet website}**; recording, production and distribution of films, video and audio recordings, radio and television programs; television and movie screenplay writing; provision of downloadable

entertainment consisting **of** films, television and music videos on the Interne**, namely, {indicate a specific service by the common commercial name of the service properly classified in Class 41 e.g., rental of films, television shows and music videos that may be downloaded from an Internet website}**; t; provision of television programs and films **being** non-downloadable on the Internet

Class 42: Design and development of computers and software; computer database design; design and development of electronic databases; creation and development of computer programs for data processing; data migration services; maintenance and updating of computer software; provision of computer programs for e-commerce, **namely, {indicate specific service(s) by the common commercial name of the service(s) e.g., rental of computer software for e-commerce, software as a service (SAAS) services featuring e-commerce software for {specify the function of the programs, e.g., for use in database management, for service desk management, for accounting, etc., and, if software is content- or field-specific, the content or field of use}**

Class 45: **Legal service, namely, m**anagement and exploitation of copyright and industrial property rights by licensing for third parties ~~(legal services)~~

An applicant may only amend an identification to clarify or limit the goods and/or services, but not to add to or broaden the scope of the goods and/or services. 37 C.F.R. §2.71(a); *see* TMEP §1904.02(c)(iv). In an application filed under Trademark Act Section 66(a), the scope of the identification for purposes of permissible amendments is limited by the international class assigned by the International Bureau of the World Intellectual Property Organization (International Bureau). 37 C.F.R. §2.85(f); TMEP §§1402.07(a), 1904.02(c). If an applicant amends an identification to a class other than that assigned by the International Bureau, the amendment will not be accepted because it will exceed the scope and those goods and/or services will no longer have a basis for registration under U.S. law. TMEP §§1402.01(c), 1904.02(c).

In addition, in a Section 66(a) application, an applicant may not change the classification of goods and/or services from that assigned by the International Bureau in the corresponding international registration. 37 C.F.R. §2.85(d); TMEP §§1401.03(d), 1402.01(c). Further, in a multiple-class Section 66(a) application, an applicant may not transfer goods and/or services from one existing international class to another. 37 C.F.R. §2.85(d); TMEP §§1401.03(d), 1402.01(c).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

## ISSUE REGARDING APPLICANT'S ENTITY TYPE

Applicant must specify its form of business or type of legal entity and its national citizenship or foreign country of organization or incorporation. *See* 37 C.F.R. §§2.32(a)(3)(i)-(ii), 7.25(a)-(b); TMEP §§803.03, 803.04, 1904.02(a). This information is required in all U.S. trademark applications, including those filed under Trademark Act Section 66(a) (also known as "requests for extension of protection of international registrations to the United States"). *See* 37 C.F.R. §§2.32(a)(3)(i)-(ii), 7.25(a)-(b); TMEP §§803.03, 803.04, 1904.02(a).

Acceptable entity types include an individual, a partnership, a corporation, a joint venture, or the foreign equivalent. *See* 37 C.F.R. §2.32(a)(3)(i)-(ii); TMEP §§803.03 *et seq.*

If applicant's entity type is an individual, applicant must indicate his or her national citizenship for the record. *See* 37 C.F.R. §2.32(a)(3)(i); TMEP §803.04. If applicant's entity type is a corporation, association, partnership, joint venture, or the foreign equivalent, applicant must set forth the foreign country under whose laws applicant is organized or incorporated. 37 C.F.R. §2.32(a)(3)(ii); TMEP §§803.03(b)-(c), 803.04. For an association, applicant must also specify whether the association is incorporated or unincorporated, unless the foreign country and the designation or description "association/associazione" appear in Appendix D of the *Trademark Manual of Examining Procedure* (TMEP). TMEP §803.03(c).

If applicant is organized under the laws of a foreign province or geographical region, applicant should specify both the foreign province or geographical region and the foreign country in which the province or region is located. *See* TMEP §803.04. To provide this information online via the Trademark Electronic Application System (TEAS) response form, applicant must (1) locate the "Entity Type" heading and select "Other; " (2) locate the "Specify Entity Type" heading and select "Other" under the Foreign Entity option, and enter in the free-text field below both applicant's entity type and the foreign province or geographical region of its organization (e.g., partnership of Victoria); and (3) locate the "State or Country Where Legally Organized" heading and select the appropriate foreign country (e.g., Australia) under the Non-U.S. Entity option. *See id.*

## TRADEMARK COUNSEL

Because of the legal technicalities and strict deadlines involved in the USPTO application process, applicant may wish to hire a qualified U.S. attorney specializing in trademark matters to represent applicant in this process and provide legal advice. Although the undersigned trademark examining attorney is permitted to help an applicant understand the contents of an Office action as well as the application process in general, no USPTO attorney or staff is permitted to give an applicant legal advice or statements about an applicant's legal rights. TMEP §§705.02, 709.06.

For attorney referral information, applicant may consult the American Bar Association's Consumers' Guide to Legal Help or an online directory of legal professionals, such as FindLaw®.  The USPTO, however, may not assist an applicant in the selection of an attorney.  37 C.F.R. §2.11.

Please note that foreign attorneys, other than authorized Canadian attorneys, are not permitted to represent applicants before the USPTO (e.g., file written communications, authorize an amendment to an application, or submit legal arguments in response to a requirement or refusal).  *See* 37 C.F.R. §§2.17(e), 11.14(c), (e); TMEP §602.03-.03(c).

## ASSISTANCE

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney.  All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights.  *See* TMEP §§705.02, 709.06.

**WHO IS PERMITTED TO RESPOND TO THIS PROVISIONAL FULL REFUSAL:**  Any response to this provisional refusal must be personally signed by an individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant (e.g., a corporate officer or general partner).  37 C.F.R. §§2.62(b), 2.193(e)(2)(ii); TMEP §712.01.  If applicant hires a qualified U.S. attorney to respond on his or her behalf, then the attorney must sign the response.  37 C.F.R. §§2.193(e)(2)(i), 11.18(a); TMEP §§611.03(b), 712.01.  Qualified U.S. attorneys include those in good standing with a bar of the highest court of any U.S. state, the District of Columbia, Puerto Rico, and other U.S. commonwealths or U.S. territories.  *See* 37 C.F.R. §2.17(a), 2.62(b), 11.1, 11.14(a); TMEP §§602, 712.01.  Additionally, for all responses, the proper signatory must personally sign the document or personally enter his or her electronic signature on the electronic filing.  *See* 37 C.F.R. §2.193(a); TMEP §§611.01(b), 611.02.  The name of the signatory must also be printed or typed immediately below or adjacent to the signature, or identified elsewhere in the filing.  37 C.F.R. §2.193(d); TMEP §611.01(b).

In general, foreign attorneys are not permitted to represent applicants before the USPTO (e.g., file written communications, authorize an amendment to an application, or submit legal arguments in response to a requirement or refusal).  *See* 37 C.F.R. §11.14(c), (e); TMEP §§602.03-.03(b), 608.01.

**DESIGNATION OF DOMESTIC REPRESENTATIVE:**  The USPTO encourages applicants who do not reside in the United States to designate a domestic representative upon whom any notice or process may be served.  TMEP §610; *see* 15 U.S.C. §§1051(e), 1141h(d); 37 C.F.R. §2.24(a)(1)-(2).  Such designations may be filed online at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

/Michael Eisnach/
Examining Attorney
Law Office 104
(571) 272-2592
Michael.Eisnach@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the

Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**Print: Jul 24, 2017**                                        **86891248**

**DESIGN MARK**

**Serial Number**
86891248

**Status**
REPORT COMPLETED SUSPENSION CHECK - CASE STILL SUSPENDED

**Word Mark**
SINGULAR PERCEPTION

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
SINGULAR PERCEPTION S.R.L. LIMITED LIABILITY COMPANY ITALY VIA ROMA,
39 PIEVE LIGURE (GE) ITALY 16031

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Software for virtual reality immersion, to be used with commercially
available third party virtual reality headsets, as well as, for
increasing tactile and motion immersion during virtual reality
experiences; Virtual private network hardware, namely,
electromechanical systems and devices for increasing tactile and
motion immersion during virtual reality experiences; Virtual reality
game software; Downloadable adventure, science fiction, family
entertainment and animation movies, as well as, documentary and sports
films provided via a video-on-demand service.

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: On-line
retail store services featuring virtual reality software, hardware,
games.

**Goods/Services**
Class Status -- ACTIVE.  IC 038.  US  100 101 104.  G & S: Providing
virtual private network facilities for real-time interaction among
computer users in virtual reality environments.

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S:

-1-

**Print: Jul 24, 2017**                    **86891248**

Entertainment services, namely, providing virtual environments in
which users can interact for recreational, leisure or entertainment
purposes.

**Goods/Services**
Class Status -- ACTIVE.  IC 042.  US  100 101.  G & S: Development of
virtual reality software, namely, control software for motion systems
and devices specific for increasing immersion during virtual reality
experiences; Design and development of virtual reality software,
namely, software and algorithms for use in virtual reality
experiences; Design and development of computer game software and
virtual reality software; Computer programming services, namely,
content creation for virtual worlds and three dimensional platforms.

**Description of Mark**
The mark consists of the terms SINGULAR PERCEPTION placed atop one
another in grey font on a white background, with a red circular design
element partially bisected by a white line and placed to the left of
the letter "S".

**Colors Claimed**
The color(s) white, red and grey is/are claimed as a feature of the
mark.

**Filing Date**
2016/01/29

**Examining Attorney**
HILLIARD, JESSICA L

**Attorney of Record**
James J. Bitetto

SINGULAR
PERCEPTION

**Print: Jul 24, 2017**                    **77330919**

**DESIGN MARK**

**Serial Number**
77330919

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
SINGULAR

**Standard Character Mark**
Yes

**Registration Number**
3522207

**Date Registered**
2008/10/21

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
SINGULAR COMMUNICATIONS, LLC LIMITED LIABILITY COMPANY CALIFORNIA 3435
OCEAN PARK BLVD SANTA MONICA CALIFORNIA 90405

**Goods/Services**
Class Status -- ACTIVE.  IC 016.  US  002 005 022 023 029 037 038 050.
 G & S: Magazine on the subject of the interests of single adults.
First Use: 2008/08/19.  First Use In Commerce: 2008/08/19.

**Filing Date**
2007/11/15

**Examining Attorney**
SOUDERS,MICHAEL

**Attorney of Record**
Victor K. Sapphire, Esq.

SINGULAR

**Print: Jul 24, 2017**                              **87178935**

**DESIGN MARK**

**Serial Number**
87178935

**Status**
REGISTERED

**Word Mark**
SINGULAR SOUND

**Standard Character Mark**
Yes

**Registration Number**
5221770

**Date Registered**
2017/06/13

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
INTELLITERRAN INC. CORPORATION FLORIDA 14951 Royal Oaks Lane #807
North Miami, FL FLORIDA 33181

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer hardware and software for processing digital music files;
Computer software and hardware for producing and arranging music;
Computer software for creating and editing music and sounds; Computer
software for processing digital music files; Computer software for
creating and editing music and sounds; Computer software for music
production; Computer software for arranging and producing music;
Downloadable computer software for production and arrangement of
music; Electronic effect pedals for use with sound amplifiers;
Music-composition software; Computer programs for processing digital
music files.  First Use: 2013/03/15.  First Use In Commerce:
2013/12/16.

**Goods/Services**
Class Status -- ACTIVE.  IC 015.  US  002 021 036.  G & S: Drum
pedals; Electronic effects pedals for use with musical instruments;
Music synthesizers; Sound effect pedals for musical instruments; Foot

-1-

**Print: Jul 24, 2017**                    **87178935**

pedals for use in connection with musical instruments.  First Use:
2013/03/15.  First Use In Commerce: 2013/12/16.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOUND" APART FROM THE
MARK AS SHOWN.

**Filing Date**
2016/09/21

**Examining Attorney**
GOLDEN, LAURA

**Attorney of Record**
Andrei D. Tsygankov

# SINGULAR SOUND

**Print: Jul 24, 2017**                    **77091234**

**DESIGN MARK**

**Serial Number**
77091234

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
SINGULAR INFORMATION MANAGEMENT

**Standard Character Mark**
Yes

**Registration Number**
3386087

**Date Registered**
2008/02/19

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
CommVault Systems, Inc. CORPORATION NEW JERSEY 2 Crescent Place, PO
Box 900 Oceanport NEW JERSEY 07757

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer software for use in systems management; computer software for
use in data storage management and storage area networks; computer
software and hardware for use in data communications; computer
software for backing up and restoring computer data; computer software
for use in disaster recovery; computer software for use in removable
storage media management; computer software for use in the field of
enterprise data management; computer software for use in searching
enterprise data; computer software for generating reports from
databases; computer software for use in the central management of
computers attached to a computer network; computer software for
replicating and archiving files from one data store to another;
computer software for use in developing data analysis applications and
other computer software; computer software for monitoring, analyzing,
reporting and solving performance and data availability issues of
application software, databases, network, storage, and other computer
components and programs; instruction manuals supplied as a unit with

-1-

**Print: Jul 24, 2017**                         **77091234**

the foregoing; publications in electronic form, on magnetic and
optical computer-readable media or downloadable via computer and
communication networks, including the internet, namely, work books,
quick reference guides, technical reference manuals, user manuals, and
evaluation guides in the field of computers, computer software,
computer peripherals, and computer networks.  First Use: 2007/03/01.
First Use In Commerce: 2007/07/09.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INFORMATION
MANAGEMENT" APART FROM THE MARK AS SHOWN.

**Filing Date**
2007/01/25

**Examining Attorney**
VANSTON, KATHLEEN M.

**Attorney of Record**
Melissa V. Skrocki

# SINGULAR INFORMATION MANAGEMENT

**Print: Jul 24, 2017**                                   **77091242**

**DESIGN MARK**

**Serial Number**
77091242

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
SINGULAR INFORMATION MANAGEMENT

**Standard Character Mark**
Yes

**Registration Number**
3415250

**Date Registered**
2008/04/22

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
CommVault Systems, Inc. CORPORATION NEW JERSEY 2 Crescent Place, PO
Box 900 Oceanport NEW JERSEY 07757

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S: Educational
services, namely, arranging and conducting workshops, seminars, and
training sessions in the fields of computer software, computer
networks, computer data storage, and data storage management and
distribution of course materials in connection therewith; provision of
information and online databases regarding workshops, seminars and
conferences in the fields of computer software, computer networks,
computer data storage, and data storage management and distribution of
course materials in connection therewith.  First Use: 2007/03/01.
First Use In Commerce: 2007/07/09.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INFORMATION
MANAGEMENT" APART FROM THE MARK AS SHOWN.

**Filing Date**
2007/01/25

**Print: Jul 24, 2017**                                **77091242**

**Examining Attorney**
VANSTON, KATHLEEN M.

**Attorney of Record**
Melissa V. Skrocki

# SINGULAR INFORMATION MANAGEMENT

**Print: Jul 24, 2017**                    **77091270**

**DESIGN MARK**

**Serial Number**
77091270

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
SINGULAR INFORMATION MANAGEMENT

**Standard Character Mark**
Yes

**Registration Number**
3412341

**Date Registered**
2008/04/15

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
CommVault Systems, Inc. CORPORATION NEW JERSEY 2 Crescent Place, PO
Box 900 Oceanport NEW JERSEY 07757

**Goods/Services**
Class Status -- ACTIVE.  IC 042.  US  100 101.  G & S: Computer
programming for others; computer consultation; computer support
services, namely, provision of technical assistance and technical
support, namely, troubleshooting of computer hardware and software
problems; computer software design for others; remote or on-site
monitoring of computer systems for technical purposes; monitoring the
computer systems of others for technical purposes and providing
back-up computer programs and facilities; integration of computer
systems and networks; customization of computer hardware and software
for end-users.  First Use: 2007/03/01.  First Use In Commerce:
2007/07/09.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INFORMATION
MANAGEMENT" APART FROM THE MARK AS SHOWN.

**Filing Date**

-1-

**Print: Jul 24, 2017**                    **77091270**

2007/01/25

**Examining Attorney**
VANSTON, KATHLEEN M.

**Attorney of Record**
Melissa V. Skrocki

# SINGULAR INFORMATION MANAGEMENT

https://subscription.people.com/storefront/subscribe-to-people/single-step-page.PWL/A.html?ps_patch=null&t1_src=*18tsC/U50/94&ps_std=one-ion.ps&ps_cart-vgc*fout&kn=*N40/94&ps_ec*PLCEM23_423-csi2etcsm_be&blac*PL_CI4-W_GL&icv-L&bp_bid=N/M&W4&ba_ch*renegage&tp_dst*position*gaba



 Send as gift



GET 4 FREE
ISSUES

Plus a *StyleWatch* subscription!

Choose your subscription:



Best Deal!
PRINT + DIGITAL
I WANT 4 FREE ISSUES!
Select

Just $0.54 each issue plus 23¢ P&H per issue!

- Print magazine
- Digital magazine
- StyleWatch Subscription
- Subscriber-only features

PRINT ONLY
I WANT 4 FREE ISSUES!
Select

Just $1.42 each issue plus 23¢ P&H per issue!

- Print magazine
- StyleWatch Subscription



Choose your subscription:



**Bes: Value!**
ALL ACCESS

Our beautiful print and digital magazine plus our Lazy Weekend Getaways L-Guide.

SELECT

**PRINT ONLY**

Enjoy the convenience of monthly home delivery

SELECT

GET:

- **Print Magazine** delivered to your door every month
- **Instant Digital Access** to our world-class content and savvy tips on where to go and what to see.
- **Lazy Weekend Getaways L-Guide** - includes only our top five places (iPhone & iPad)

