# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

April 26, 2022

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   RE: *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC)

Dear Judge Caproni:

  We represent Plaintiff SingularDTV GmbH ("SingularDTV" or the "Company") in the above-captioned action and write regarding Defendants' noncompliance with the Court's order dated April 6, 2022 (the "Expedited Discovery Order" (cited as "Order"), Dkt. No. 88).

  In the Expedited Discovery Order, the Court granted SingularDTV's request for document discovery into the fate of the device used by Defendants to store and access the Company's digital assets (the "Cold Wallet") after Defendants failed to deliver that device to the parties' escrow agent, in violation of the terms of the Consent Order (Dkt. No. 66) negotiated by the parties and entered by the Court. Finding that SingularDTV's document requests were supported by good cause, the Court ordered Defendants "immediately to produce all nonprivileged documents that are responsive to Plaintiff's requests in Exhibit A to Plaintiff's motion." (Order at 5.)

  Neither Defendant has complied with this unequivocal directive. In light of Defendants' continuing noncompliance with the orders of this Court, and for the reasons set forth below, SingularDTV respectfully requests that the Court enter an order:

- compelling Defendants, within three days of entry of the order, to produce all nonprivileged documents that are responsive to SingularDTV's discovery requests;

- requiring counsel for each Defendant to file with the Court a written certification describing in detail the Defendant's search for documents, including by identifying the person(s) who conducted it, all sources of documents reviewed (including, for example, e-mail accounts, computer files, and repositories of hardcopy documents), the number of responsive documents identified, and the bases for withholding any responsive documents not produced;

- compelling the deposition of Defendant LeBeau; and

**Americas** (New York, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

April 26, 2022
Page 2

- awarding SingularDTV's reasonable fees and costs in preparing this letter to the Court.

**Defendant Jackson.** On April 7, undersigned counsel e-mailed counsel for both Defendants, stating that SingularDTV would "expect strict compliance with the [Expedited Discovery Order] and production of the required documents by the end of business on" April 11, and also offering to discuss "any questions about the requests in the meantime."[1] Counsel for Jackson responded the following day, stating that Jackson would "need a few days to review and research the respective requests and produce whatever might be in [her] custody possession and control." Nonetheless, Jackson's counsel assured undersigned counsel that Jackson would comply with her obligations under the Expedited Discovery Order "as soon as possible but in no event later than April 17" following a "due and diligent search" for responsive materials.

Jackson still has not produced any documents in response to the Court's Expedited Discovery Order. Instead, on April 18, counsel for Jackson e-mailed undersigned counsel "a copy of Ms. Jackson's responses and objections" to SingularDTV's document requests.[2] As an initial matter, Ms. Jackson's choice to rest on objections without producing documents defies the plain language of the Expedited Discovery Order, which did not invite objections to SingularDTV's document requests but rather required that Jackson (and LeBeau) "immediately . . . produce all nonprivileged documents that are responsive to" those requests. (Order at 5.) More troubling, though, is the fact that Jackson's objections include several issues already raised in the parties' briefing on SingularDTV's motion for expedited discovery—and, in many cases, specifically rejected in the Expedited Discovery Order. For example:

- Jackson objects to each request "on grounds of Relevance, Breadth, Burden and Proportionality" (Jackson R&Os at 6–13), ignoring that the Court has already reviewed SingularDTV's requests and found them "appropriately tailored to the immediate issue" (Order at 4).

- Jackson objects to each request because "there are no allegations in the Amended Complaint that she was in any way connected to" the maintenance of the Cold Wallet or the "Paper Wallet" into which Defendants claim the Cold Wallet was converted. (Jackson R&Os at 6–13.) As the Court explained, however, the content of the Amended Complaint does not change the fact that "the parties signed, and the Court 'so ordered,' a Consent Order" which imposed an obligation on both Defendants to deliver the Cold Wallet to the parties' escrow agent—an obligation "that the Court has the authority to enforce." (Order at 3 n.2.)

- Similarly, Jackson objects to each request on the ground that "there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed." (Jackson R&Os at 7–13.) This stay of discovery on the merits of SingularDTV's Amended Complaint is not a basis to

---

[1] A true and correct copy of undersigned counsel's relevant correspondence with counsel for Defendants is attached to this letter, in composite form, as **Exhibit 1**.

[2] A true and correct copy of Jackson's responses and objections (cited as "Jackson R&Os") is attached to this letter as **Exhibit 2**.

- ignore the Court's more recent command, in the Expedited Discovery Order, to "immediately . . . produce" documents responsive to the Company's request for information about the fate of the Cold Wallet—an issue related to enforcement of the Court's Consent Order. (*See* Order at 5.)

- Jackson likewise objects on the ground that "all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the [SingularDTV] and Breaker," which contains a Swiss forum-selection clause. (Jackson R&Os at 6–13.) SingularDTV will explain in opposing Defendants' motion to dismiss why this clause does not bar its claims. As the Court has already made clear, however, "[a]rguments about whether this case should proceed in Switzerland or whether there are deficiencies in Plaintiff's Amended Complaint are simply irrelevant to the issue at hand." (Order at 3 n.2.)

Even where not directly contrary to the Expedited Discovery Order, other aspects of Jackson's responses and objections are equally puzzling. These include Jackson's reference to a "Stipulation and Protective Order entered by the Court" (no such order has been entered) and her objection to SingularDTV's document requests "to the extent they seek to alter the burden of proof with respect to Plaintiff's claims" (as noted above, SingularDTV's requests relate to Defendants' apparent violation of the Consent Order, not to the claims set forth in the Company's Amended Complaint). (*See* Jackson R&Os at 3.)

Seeking clarity about the meaning of this response to the Expedited Discovery Order, undersigned counsel responded to counsel for Jackson later the same day to seek his availability for a meet-and-confer discussion the following day (April 19), with the goal of determining "whether [Jackson] has conducted a diligent search for documents responsive to each of [SingularDTV's] requests," "how the search was conducted, who conducted it, what documents were reviewed, and how many responsive documents were identified," and "whether [Jackson] is refusing to produce any responsive documents and, if so, the basis for that refusal." Counsel for Jackson wrote back on April 19, indicating that he would respond the following day "about [SingularDTV's] issues" and anticipating that the parties "can probably figure it out."

In his response on April 20, counsel for Jackson maintained that Jackson had "fulfilled her obligation to respond to the document demand," asserting that Jackson "was out of the loop on the 'issues' of the Cold and or Paper Wallets" and "does not have access to any email accounts controlled by" SingularDTV. This ignores all other possible sources of responsive documents in Jackson's possession, custody, or control—including her own Company e-mail account (which was not turned over to the Company as part of the e-mail migration ordered by the Court last year). Jackson's counsel refused to answer SingularDTV's questions about the scope of Jackson's search for documents but suggested, by offering to "entertain" a discussion about search terms, that no meaningful search had been conducted. Counsel for Jackson also reiterated his objection to the production ordered by the Court based on the "the pending motion to dismiss the Amended Complaint and stay of discovery." In response, undersigned counsel stated that SingularDTV remained willing to meet and confer about Jackson's responses but otherwise intended to raise Jackson's continuing noncompliance with the Court.

April 26, 2022
Page 4

As of the date of this letter, Jackson has not responded to SingularDTV's second request for a meet-and-confer discussion.

***Defendant LeBeau.*** Counsel for LeBeau responded to undersigned counsel's April 7 e-mail on April 18, stating that he would "be sending [LeBeau's] responses and documents by Wednesday," April 20. When that day came, however, LeBeau provided only two documents: a set of responses and objections[3] and a document entitled "SingularDTV Key Management."

LeBeau's responses and objections reproduce Jackson's meritless objections nearly verbatim, including by objecting on the basis of "Relevance, Breadth, Burden and Proportionality" (LeBeau R&Os at 5–12), relying on Defendants' argument in their motion to dismiss that the claims in SingularDTV's Amended Complaint can only be brought in Switzerland (*id.* at 6–12), and arguing that no production is required because "discovery pending the determination of the Motion has been stayed" (*id.* at 6–13). But unlike Jackson's responses, LeBeau stated in response to the first and fourth of SingularDTV's requests—but none of the other eight—that he would produce any "responsive, non-privileged documents in [his] possession, custody and control . . . subject to the General Objections and Specific Objections stated above to the extent such documents exist and are located after a reasonable search." (*Id.* at 6, 8.)

That "reasonable search" apparently yielded a single result: the "SingularDTV Key Management" document. That document appears to outline a plan for the configuration of a cold wallet device but contains no date, no information about the author or intended recipients, and no indication whether a device was configured according to that plan—much less whether and how it was later converted to the "Paper Wallet" Defendants delivered to the parties' escrow agent.

As with Jackson, SingularDTV attempted to clarify the intent behind LeBeau's response, asking counsel for LeBeau to confirm by April 21:

- whether the "SingularDTV Key Management" document was the entirety of LeBeau's production;
- whether, as LeBeau's responses suggest, that document was produced only in response to SingularDTV's first request;
- the details of any diligent search conducted for documents responsive to SingularDTV's other requests; and
- the basis for any responsive documents withheld from production.

Undersigned counsel also requested a meet-and-confer discussion with counsel for LeBeau. As of the date of this letter, LeBeau has not responded to that request.

\*      \*      \*

---

[3] A true and correct copy of LeBeau's responses and objections (cited as "LeBeau R&Os") is attached to this letter as **Exhibit 3**.

April 26, 2022
Page 5

By serving "responses and objections" instead of complying with this Court's directive to produce responsive materials, Defendants have flouted the Expedited Discovery Order and deprived SingularDTV of its right to know whether "its assets continue to be held by another party." (Order at 3 (citation omitted).) And in defying the Expedited Discovery Order, Defendants have rehashed issues already considered and addressed by the Court and refused to provide any detail about the steps they took to search for documents responsive to SingularDTV's request.

Defendants' production of a single, four-page document in response to SingularDTV's ten document requests casts serious doubt on the diligence of their searches for responsive documents, as does Jackson's offer to discuss search terms two days after serving her responses. Defendants remain in control of their own Company e-mail accounts (and, presumably, other communication methods), and the assertion that they have access to only one document concerning the Cold Wallet is not credible. This is especially true as to Defendant LeBeau, who has asserted in his own declaration that he was personally responsible for "ke[eping] the cryptocurrency wallet secure" for nearly five years and, during that time, apparently communicated with Lubin about "re-establish[ing] multi-signature controls and preferences" for the wallet, in response to which Lubin "recommend[ed] a replacement key interface." (*See* Decl. of Zachary LeBeau (Dkt. No. 37) ¶¶ 35, 42.) Indeed, the e-mail accounts to which the Company does have access include records in which LeBeau uses a personal e-mail address to communicate about business matters—including the Cold Wallet.

To remedy Defendants' apparent violation of yet another order of this Court, SingularDTV respectfully requests that the Court enter an order:

- compelling Defendants, within three days of entry of the order, to produce all nonprivileged documents that are responsive to SingularDTV's discovery requests;

- requiring counsel for each Defendant to file with the Court a written certification describing in detail the Defendant's search for documents, including by identifying the person(s) who conducted it, all sources of documents reviewed (including, for example, e-mail accounts, computer files, and repositories of hardcopy documents) the number of responsive documents identified, and the bases for withholding any responsive documents not produced; and

- compelling the deposition of Defendant LeBeau.[4]

Further, Defendants' choice to stand on objections that were specifically rejected in the Expedited Discovery Order flies directly in the face of that Order and has wasted Company time and resources. SingularDTV respectfully submits that it is appropriate for the Court to order Defendants to pay SingularDTV's costs and fees in preparing this letter and in taking any other steps necessary to cause Defendants to comply with the Expedited Discovery Order.

---

[4] SingularDTV acknowledges that, in the Expedited Discovery Order, the Court explained that while the need for a deposition "seem[ed] likely," it could not "yet determine whether a deposition is needed." (Order at 4.) SingularDTV respectfully submits that Defendants' continuing noncompliance further illustrates the need for a deposition.

April 26, 2022
Page 6

      We appreciate the Court's attention to this matter and are available to discuss it further at the Court's convenience.

      Respectfully submitted,

    /s/  Benjamin J. A. Sauter
Benjamin J. A. Sauter
Christopher S. Cogburn
Alexa R. Perlman
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

*Attorneys for SingularDTV GmbH*