# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SINGULARDTV GMBH,                            :        Case No. 1:21-cv-10130 (VEC)

                                    Plaintiff,          :

                  -against-             :

ZACHARY LEBEAU and KIMBERLY JACKSON,  :

                                  Defendants.
-------------------------------------------------------------------X

### DEFENDANT KIMBERLY JACKSON'S RESPONSES AND OBJECTIONS TO THE PLAINTIFF'S DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Kimberly Jackson ("Defendant"), by her undersigned attorney, Paul F. Condzal, hereby submits these Responses and Objections ("Responses and Objections") to Plaintiff SigngularDTV GMBH's ("Plaintiff") Document Requests (the "Requests") (Dkt. #75 Exhibit A).

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

The following General Objections apply to and are expressly made part of Defendant's Specific Responses and Objections to each Request set forth below as if fully set forth, regardless of whether or not any of these Objections are repeated in response to any specific Request. These General Objections are neither waived nor limited by Defendant's Specific Responses and Objections. Any Response provided herein is subject to and limited by each and all of these General Objections.

1

In setting forth her Objections, Defendant will use the term "Proportionality" to mean that the Request seeks discovery that is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendant will use the terms "Breadth" and/or "Burden" to mean that (i) the Request is overly broad and/or unduly burdensome, (ii) the discovery sought is unreasonably cumulative or duplicative of other information Defendant has offered to produce in response to a document request under Fed. R. Civ. P. 34(a); and/or (iii) the burden or expense of the propounded discovery outweighs her likely benefit under Fed. R. Civ. P. 26(b). Defendant will use the term "Relevance" to mean that the discovery requested is neither relevant under the Federal Rules of Evidence nor reasonably calculated to lead to the discovery of admissible evidence, or is otherwise outside the scope of Fed. R. Civ. P. 26(b)(1). Defendant shall use the term "Ambiguity" to mean that the Request is vague and/or ambiguous. Defendant shall use the term "Privilege" to mean that the discovery requested seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other potentially applicable privilege or immunity.

1. Defendant objects to each and every Request to the extent that it purports, through definitions, instructions, or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure or this Court's local rules and practices. In responding to these Requests, Defendant will comply with the procedures and requirements of the Federal Rules of Civil Procedure and this Court's local rules and practices.

2. Defendant objects to the Requests on the ground that discovery is ongoing, and each Request response is preliminary in nature. Defendant's Responses to these Requests are based on information that is readily available to Defendant after a reasonable, but still ongoing, investigation. Defendant will supplement her responses as necessary in accordance with Fed. R.

Civ. P. 26(e). To the extent that Defendant agrees hereunder to produce any documents responsive to any individual Request, Defendant will produce such documents, if any, within a reasonable time after the date on these Responses and Objections.

3.  Defendant objects to the Requests to the extent they seek confidential, competitively sensitive, or proprietary information. Defendant will accordingly produce the documents referenced in these Responses subject to the protections of the Stipulation and Protective Order entered by the Court.

4.  Defendant objects to each and every Request, as well as the Definitions and Instructions on the grounds of Breadth and Burden to the extent that they seek documents/information outside of the scope of Defendant's knowledge, possession, custody, or control, to the extent they seek documents/information already in Plaintiff's possession, custody, control, or are otherwise available from public sources, because any such request is inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure and this Court's local rules and practices.

5.  Defendant objects to the Requests to the extent they seek to alter the burden of proof with respect to Plaintiff's claims. Defendant's Responses shall in no way operate to switch the burden of proof from Plaintiff to Defendant. Nor shall any response to these Requests be deemed an admission (or relevant evidence) that Defendant bears the burden of proof related to any claim.

6.  Defendant objects to the Requests to the extent they call for the disclosure of experts or expert opinions prior to the deadlines the Court has established for the disclosure of this information. Without limiting the foregoing, Defendant objects to the disclosure of facts known or opinions held by any expert that Defendant may present at trial. Fed. R. Civ. P. 26(b)(4). Accordingly, nothing in these Responses shall limit the scope of or be used as a basis to preclude

or exclude Defendant's experts' testimony or the content of Defendant's experts' reports. For the avoidance of doubt, once filed in accordance with the Court's schedule, each of Defendant's expert's reports shall be incorporated by reference into Defendant's Responses.

7. Defendant objects to the Requests on the grounds of Privilege. Defendant will withhold information that is protected by an applicable privilege or doctrine, and any inadvertent disclosure thereof made in response to any Request shall not be deemed a waiver of any privilege or protection with respect to such information. Defendant expressly reserves the right to seek the return of any privileged information or documents that are inadvertently produced.

8. Defendant objects to the Requests, including the Definitions and Instructions, on the grounds of Breadth and Burden, to the extent that they call for information or documents outside the scope of Defendant's knowledge, possession, custody, or control because any such request is inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure and this Court's local rules and practices.

9. Defendant objects to each Definition to the extent that such definition is broader than the uniform definitions contained in this Court's local rules and practices.

10. Defendant objects to the definition of "Cold Wallet Device" and "Paper Wallet".

11. Defendant objects to the terms "concerning" "any point in time" on the grounds of Ambiguity, Breadth, and Burden.

12. Defendant does not waive, and specifically reserves, any additional Objections it may have, including (a) all questions as to competency, privilege, relevancy, materiality, and admissibility; (b) the right to object to the uses of any Objections, Responses, or Documents in any lawsuit or proceeding on any or all of the foregoing grounds, or on any other proper ground; (c) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to any Objections, Responses, or Documents; and (d) the right, at any time,

to revise, correct, or clarify any of the following Objections or any later Responses. Any Objection or Response by Defendant does not constitute an admission that such information is probative of any particular issue in this case. Defendant further reserves the right to object to the admissibility of any evidence based on the Responses to these Requests.

13. Defendant objects to Plaintiff's Requests on grounds of Breadth, Burden and Proportionality, and to the extent that it purports to require Defendant to produce discovery in a format outside the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court. Defendant will produce documents in response to the Requests in compliance with the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court. Defendant further objects to the production of ESI in the absence of an agreement and/or order of the Court concerning, among other things, the scope, manner and format of such a production and the allocation of costs of production of such documents, which costs should be borne by Plaintiff.

14. Defendant hereby adopts any production made by co-defendant insofar as she might have been copied on any email or other such communications and does not have access to the particular email account(s) any longer.

15. Defendant objects to the entire demand as the Court does not have jurisdiction over this matter because the Amended Complaint alleges claims in connection with a Service and Development Agreement dated as of January 2017 (as amended, the "Agreement") entered into between SingluarDTV GMBH and the stateside SingularDTV LLC, affiliated entities at the time under common management and control. The Agreement provides in relevant part: "Governing Law. This agreement shall be governed by and construed in accordance with the Swiss laws. The application of the United Nations Convention for Contracts for the International Sales of Goods is hereby expressly excluded." The Agreement also states: Jurisdiction. The ordinary courts of the city

of Zug, Switzerland, have exclusive jurisdiction for any disputes arising out of or in connection to this Agreement. As such, Plaintiff's instant action is subject to dismissal based upon jurisdictional grounds and as detailed in the Defendants' pending motion to dismiss.

16. Defendant reserves the right at any time to modify, revise, correct, supplement, clarify, or otherwise amend her Responses to these Requests in the event additional responsive information is discovered, or for other reasons not known at this time, but denies any obligation to do so unless required by an applicable rule or order of the Court. Defendant further reserves her right to assert any other applicable Objection to these Requests and to object to any other Request relating to the subject matter of the Responses herein. Defendant's Responses to these Requests are not a waiver of any of these rights.

## RESPONSES TO DOCUMENT REQUESTS

1. All documents concerning the acquisition or configuration of any Cold Wallet Device.

**RESPONSE:**

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this question as it defines "Cold Wallet" as an electronic device. Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet Device". Defendant further object to the extent that all of the allegations in the Amended Complaint

arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

2.      All documents concerning the dismantling, destruction, or abandonment of any Cold Wallet Device.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this question as it defines "Cold Wallet" as an electronic device. Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet Device". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed.

Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

3. All documents concerning the physical location of any Cold Wallet Device at any point in time.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this question as it defines "Cold Wallet" as an electronic device. Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet Device". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

4. All documents identifying, referring to, or evidencing the individuals with access to any Cold Wallet Device at any point in time.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this question as it defines "Cold Wallet" as an electronic device. Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet Device". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

5.   All documents concerning the printing of the Paper Wallet.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Paper

9

Wallet". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

6.      All documents concerning the storage of the Paper Wallet at any point in time.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Paper Wallet". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those

set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

7. All documents identifying, referring to, or evidencing the individuals with access to the Paper Wallet, or the information printed on it at any point in time.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Paper Wallet". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

8. All documents concerning methods through which funds on the Cold Wallet have been transferred at any point in time, including, without limitation, Your transfer of ETH to an escrow agent on January 25, 2022, pursuant to an escrow agreement between You and SingularDTV GmbH.

**RESPONSE**:

11

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

9. All communications between You and any other person describing, evidencing, disclosing, or otherwise referring to the existence of the Paper Wallet.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Paper Wallet". Defendant further object to the extent that all of the allegations in the Amended Complaint

arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

10. All communications between You and any other person describing, evidencing, disclosing, or otherwise referring to the dismantling, destruction, or abandonment of any Cold Wallet Device.

**RESPONSE**:

Defendant expressly incorporates each of her General Objections as Specific Objections to this Request as if fully set forth herein.

Defendant objects to this question as it supposes that any "Cold Wallet" is not an electronic device. Defendant objects to this Request on grounds of Relevance, Breadth, Burden and Proportionality to the extent that it seeks documents to the extent any might exist from her when there are no allegations in the Amended Complaint that she was in any way connected to any "Cold Wallet Device". Defendant further object to the extent that all of the allegations in the Amended Complaint arise under and or are connected to the Agreement between the Swiss GMBH and Breaker. The Agreement specifically contains the mandatory provision that: "The ordinary courts of the city of Zug, Switzerland, shall have exclusive jurisdiction for any dispute arising out of or in connection to this Agreement." Defendant also objects to the extent that there is currently a motion to

13

dismiss the Amended Complaint wherein discovery pending the determination of the motion has been stayed. Defendant objects to this Demand on the grounds it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure to the extent that it calls for the production of documents outside of Defendant's possession custody and control.

Dated: New York, New York
         April 18, 2022

/s/ *Paul F. Condzal*
Paul F. Condzal
Attorney for Defendant Kim Jackson
1330 Avenue of the Americas, 23rd Floor
New York, New York 10019
Tel: (212) 688-3637
Email: paul@condzal-law.com