# PAUL F. CONDZAL
ATTORNEY AT LAW
**1330 AVENUE OF THE AMERICAS, 23rd Floor**
**NEW YORK, NEW YORK 10019**

---

**(212) 688-3637**
www.condzal-law.com

**MEMBER NEW YORK AND CONNECTICUT BARS**                                                                 paul@condzal-law.com

April 29, 2022

*Filed Via CM/ECF*
The Honorable Valerie E. Caproni
United States Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

        Re:    <u>SingularDTV GmbH v. LeBeau, et al</u>
                 Civ. Action No. 1: 21-cv-10130

Dear Judge Caproni:

      I represent the defendant Kimberly Jackson in the above referenced action and write in response and opposition to the relief requested in Plaintiff's letter dated April 26, 2022 (Dkt. #92), The Court should deny Plaintiff's requests in their entirety for the following reasons.

      Ms. Jackson has complied with this Court's Order and vigorously searched the files in her possession for documents relevant to Plaintiff's demands, and counsel has been responsive and compliant. Counsel has nonetheless misrepresented the contents of my previous communications with him regarding any alleged document production deficiencies. In fact, part of my response to Plaintiff's complaints stated I would gladly reconvene on April 25, 2022, on any outstanding issues. Rather than do that, Counsel unnecessarily opted to write a letter to Your Honor.

      The full text of my email communication to Plaintiff's counsel on April 20, 2022, is repeated in full below:

      On April 8, 2022, I sent you an email regarding a proposed schedule to which you

The Honorable Valerie E. Caproni       Page Two       April 29, 2022

did not object or even respond. Nonetheless, we did respond and object to the document demand on the schedule I had indicated. I therefore cannot ascertain what you are now complaining about in this regard.

The accusation that any court order was "disobeyed" is completely unfounded and in fact just disrespectful. A Rule 26(f) discussion "can and should include cooperative planning, rather than unilateral decision-making" (*Ruiz-Bueno*, 2013 WL 6055402, at *3).

My client has indeed fulfilled her obligation to respond to the document demand. By way of clarification, further good faith, and even though not required by Rule 34 (b) (which only requires a statement if documents are being withheld, not if they are not being withheld), there are not any documents being withheld on the basis of the objections. More to the point, and as you are likely well aware, Ms. Jackson was out of the loop on the "issues" of Cold and or Paper Wallets and she otherwise does not have access to any email accounts controlled by your client. She cannot produce what is outside of her custody possession and control-- to the extent it exists at all. As to the controversy about the "device" and its purported contents, I note that nowhere in any of the Plaintiff's TRO/OSC supporting papers and/or the Complaint/Amended Complaint are there even any contrary allegations against my client in this regard. Courts require the requesting party to show that additional responsive materials exist and were withheld (see, for example, *Orillaneda v. French Culinary Inst.*, No. 07-3206, 2011 WL 4375365, at *5-9 (S.D.N.Y. Sept. 19, 2011) Your email fails to indicate any such "additional responsive materials".

Your email signals the obvious intent to rely on an old playbook and bring any issue you can fabricate about purported discovery deficiencies to the Court. As such, I do not want to engage in responding to questions you send at midnight which will only lead to additional questions and accusations from your side. That said, I would consider providing a "*Jackson*" affidavit if it will conclude the purported matter. I would even entertain a proposal for certain "key word" searches beyond "Paper Wallet" and "Cold Wallet Device" if reasonable in number etc.  However,  kindly note that we will also be seeking fees from your client if we are forced to defend against meritless charges and a fishing expedition. Especially with the pending motion to dismiss the Amended Complaint and stay of discovery to which you agreed and was so-ordered by the Court in place.

My Easter holiday begins this evening, so I am out of the office the next few days. I would be glad to reconvene on any remaining issues Monday.

The Honorable Valerie E. Caproni        Page Three        April 29, 2022

      I also respectfully submit that the objections raised in the response to the Plaintiff's document were also proper in scope Your Honor's Order did not prohibit raising any objections. Specifically, the objection as to any responsive documents being outside the custody possession and control of Ms. Jackson is, simply stated, the head of the line of all the objections raised as stated in my email to Plaintiff's counsel. Further, as also stated in my email to Plaintiff's counsel, no documents were withheld. Plaintiff's counsel has failed and refused to meet and confer on these issues beyond a perfunctory and threatening email exchange.

      As Your Honor ordered ([Dkt. #88](#) ), Defendants did in fact file a motion to dismiss Plaintiff's Amended Complaint ([Dkt. #91](#)). If that motion is successful, these purported document production issues will necessarily abate. I respectfully submit that Plaintiff's instant request cannot be isolated from the allegations in the Amended Complaint and Defendants' pending motion to dismiss. Further, there will be no further discovery and as such any discovery conducted in the interim could be a waste of resources, something Plaintiff's counsel complained incessantly about before withdrawing their motion to intervene in the related "John Doe" matter.

      By way of additional context, the Amended Complaint jettisoned all allegations in connection with the "Cold Wallet", which has been turned over to Plaintiff as ordered by this court and emptied of its contents according to Plaintiff's counsel. Plaintiff now alleges claims in connection with a Service and Development Agreement between SingluarDTV GMBH and the stateside SingularDTV LLC alleging infringement of various intellectual property that is now in dispute, and other claims, also relating to Plaintiff's termination of the Services and Development Agreement that were raised for the first time in the amended complaint.. That agreement contains a Swiss forum selection clause, which Plaintiff will use every effort to wriggle around in order to maintain a case, any case, against Ms. Jackson and Mr. LeBeau before this Court.

      Plaintiff is well aware that its new complaint may not succeed, and they are thus resorting to 'tactics' attempting to build a separate case against the Defendants around this red herring issue of the now empty cold wallet. Notably, there have been no specific allegations that Ms. Jackson ever had access to the cold wallet or a paper wallet. Plaintiff's allegations simply do not connect Ms. Jackson in any instance to any device, paper or otherwise, holding cryptocurrency assets of SingularDTV GmbH. Further, the Amended Complaint does not contain even a mention of any such storage device, since the cryptocurrency issues raised in the initial complaint were resolved pursuant to an agreement between the litigants.

      Faced with a floundering lawsuit, Plaintiff predictably is using the discovery process to harass Defendants, bog counsel down with unreasonable demands and create additional and unnecessary expense – all based on an admitted scrivener's error in the Settlement Agreement that resolved the cryptocurrency issue. The spirit of the Settlement Agreement was embodied in

The Honorable Valerie E. Caproni            Page Four                April 29, 2022

the turnover of the crypto-currency to an escrow agent about which there is no dispute occurred – not the method of turnover. Neither defendant would ever intentionally disobey a Court Order as alleged because they both understand their inviolable obligations as litigants in this regard.

* * * * *

Plaintiff should not be permitted to continue harassing Ms. Jackson for documents that are not in her possession relating to issues in which she was never involved. For instance, demanding that she provide documents to prove she was not one of the three 'key holders' which would be an impossible task. Your Honor is well aware of the earlier filed derivative case in pending in New York Supreme Court and the Swiss proceedings involving the very same parties to this action, excluding Ms., Jackson who is not a party to any of these pending matters, because her participation was limited to developing film and software assets in the United States and doing her best to keep the Swiss entity (the plaintiff in this case) operating cleanly - without fraud, waste and mismanagement.

Plaintiffs' letter does not state any facts that would provide a basis for determining that Ms. Jackson is withholding documents. In fact, I specifically stated in my email, *supra*, that <u>no documents are being withheld</u>. Plaintiff's canned document deficiency allegations should be seen for what they are and Defendants' motion to dismiss should be considered before the Court entertains further action on this issue.

Plaintiff also does not provide any basis whatsoever to support its demands for relief, including the arbitrary 72-hour deadline it seeks to impose. Plaintiff has not submitted a declaration alleging an urgent need for information regarding cold wallet access and has not identified any additional information that could be necessary for Plaintiff's business to continue to operate. No such arguments have been raised in any previous filing, and should they allege an urgent need at this time, such claim must be disregarded. Certainly, the Amended Complaint, which was filed after the Plaintiff made the instant application for expedited discovery, is telling insofar as it contains no allegations whatsoever relating to the cold wallet or SingularDTV's cryptocurrency assets.

As such, in the event any further actions are required, it is respectfully requested that they be scheduled for after May 13, 2022, the submission date for the Defendants' reply to Plaintiff's opposition to the pending motion to dismiss.

                                Respectfully submitted,

                                /s/  *Paul F. Condzal*

                                Paul F. Condzal