# Exhibit 2

## Issue regarding Applicant's Entity Type

The Applicant, SingularDTV, is a GmbH company (company with limited liability) incorporated in Switzerland.

## A. AMENDMENT OF GOODS/SERVICES IN THE PRESENT APPLICATION

The Examiner objected to Applicant's identification of goods and services for, among other reasons, including parentheticals, lacking a field of use in relation to the named computer software, and including terms the Examiner indicated as indefinite. These issues are believed to have been addressed by the amendments made to the identification of goods and services.

The Applicant notes that the present application covers goods and services in Classes 009, 035, 038, 041, 042, and 045.

Applicant has now amended the recitation of goods/services in **Classes 009, 035, 041, 042, and 045**, in an effort to both avoid any likelihood of confusion, as well as to clarify the description of goods/services as requested by the Examiner. The following marked up version of the amended descriptions of goods and services (new description (underlined) and deleted description (strike-through)) is provided as a courtesy:

### Class 009:

E-commerce software, namely software for: facilitating to enable users subscribers to perform electronic business transactions via a global over a decentralized global communications computer network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution

system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system software; software for cloud computing; downloadable electronic publications.

### Class 035:

Compilation and systematization of information into computer databases; data processing services; business process management services, namely, accounting services, marketing services, intellectual property tracking services, and auditing services; and related services provided by consultants, namely, compilation and systematization of information services, data processing services; business process management services, namely, accounting services, marketing services, intellectual property tracking services, and auditing services.

### Class 041:

Information relating to entertainment provided by on-line from a computer database or a decentralized global communication network distribution system;, namely, online provision of on-line information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music that cannot be downloaded from the Internet; provision of digital music (downloadable) on the Internet; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to downloadable entertainment consisting in of films, television and music videos on the Internet; provision of television programs and films (non-downloadable) on the Internet.

## Class 042:

Design and development of computers and software relating to a decentralized global communications network distribution system, namely, design and development of computer databases design for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development provision of computer programs for e-commerce for use on a decentralized global communications network distribution system.

## Class 045:

Management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties; and management and exploitation of licences relating to copyright and industrial intellectual property rights by licensing for third parties (legal services).

Applicant respectfully notes that, in view of the Examiner's general observation that parentheses should not be used when identifying goods and services, the amendments made to the identification of goods and services has removed all originally presented parentheses.

Applicant respectfully notes that, in view of the Examiner's general observation that identification for computer software must specify the purpose or function of the software, the amendments made to the identification of goods and services has specified the purpose or function of the computer software set forth in the various class identifications.

-3-

*Objection to Identification of Goods and Services – Class 009*

With regard to the objection to the description of goods in Class **009**, the Examiner requested that Applicant indicate the form and the subject matter of the recited publications. The reference to "publications" has been removed from the description of goods and as a result, the amended description of goods for Class **009** is believed to meet all requirements (e.g., 15 U.S.C. §1051).

*Objection to Identification of Goods and Services – Class 035*

With regard to the objection to the description of services in Class **035**, the Examiner requested that Applicant specify the common commercial or generic name of the services. In response, the Applicant has proposed amending the identification of services of Class **035** as set forth above, specifically amending the identification of the business process management services as accounting services, marketing services, intellectual property tracking services, and auditing services. As a result, the Applicant respectfully submits that the amended identification of services under Class **035** is believed to meet all requirements (e.g., 15 U.S.C. §1051).

*Objection to Identification of Goods and Services – Class 041*

With regard to the objection to the description of services in Class **041**, the Examiner requested that Applicant clarify the wording relating to the provision of downloadable ... . In response, the Applicant has proposed amending the identification of services of Class **041** as set forth above, specifically the reference to downloadable items has been removed from the identification of the services of Class **041**. As a result, the Applicant respectfully submits that the amended identification of services under Class **041** is believed to meet all requirements (e.g., 15 U.S.C. §1051).

**US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)**
**Attorney Docket Number:  1398 002 901 0251**

*Objection to Identification of Goods and Services – Class 042*

With regard to the objection to the description of services in Class **042**, the Examiner requested that Applicant clarify the wording relating to the provision of computer programs for e-commerce.  In response, the Applicant has proposed amending the identification of services of Class **042** as set forth above, specifically amending the identification of the provision of computer programs for e-commerce to recite design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.  As a result, the Applicant respectfully submits that the amended identification of services under Class **042** is believed to meet all requirements (e.g., 15 U.S.C. §1051).

## B. Likelihood of Confusion Rejection with Prior-Filed Application

1.      US Application Serial Number 86891248 "**SINGULAR PERCEPTION**" in the name of Singular Perception S.R.L. Limited Liability Company, in classes 009, 035, 038, 041, and 042 (On-line retail store services featuring virtual reality ...).

For the reasons explained below, the Applicant respectfully disagrees that a likelihood of confusion would exist if the above-identified prior-filed application were to register.

## C. Likelihood of Confusion Rejection under Section 2(d) for Classes 9, 41, and 42

Concerning the PROVISIONAL Likelihood of Confusion rejection, the Classes 009, 041, and 042 of the present application were provisionally rejected under Section 2(d) with respect to the following marks:

2.      Registration Number: 3522207 "**SINGULAR**" in the name of Singular Communications, LLC, in class 016 (*magazine on the subject of the interests of single adults*).

3.      Registration Number: 5221770 "**SINGULAR SOUND**" in the name of Intelliterran Inc., in classes 009 and 015(*computer hardware and software for processing digital music files* ...).

4.      Registration Number: 3386087 "**SINGULAR INFORMATION MANAGEMENT**" in the name of CommVault Systems, Inc., in class 009 (computer software for use in systems management...).

5.       Registration Number: 3415250 "**SINGULAR INFORMATION MANAGEMENT**" in the name of CommVault Systems, Inc., in class 041 (*educational services, namely, arranging and conducting workshops* …).

6.       Registration Number: 3412341 "**SINGULAR INFORMATION MANAGEMENT**" in the name of CommVault Systems, Inc., in class 042 (*computer programming for others* …).

For the reasons explained below, the Applicant respectfully disagrees with the Section 2(d) refusal.

## COMPARISON OF MARKS IN THEIR ENTIRETY AND IN VIEW OF THE GOODS/SERVICES

The principal factual considerations pertinent to the issue of likelihood of confusion are collected in *In re E.I. duPont de Nelnours & Co*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Not all of the *duPont* factors are relevant or of similar weight in every case. The relevant facts at issue include the similarities and differences among the various marks; the appearance, sound, connotation, and commercial impression of the marks; the nature of the services with which the marks are associated; the channels of trade in which the marks are used; the promotion, amount, and length of use of the several marks; and the nature and extent of any actual confusion. *Opryland USA Inc., v. The Great American Music Show, Inc.*, 970 F.2d 847.

The basic principle in determining confusion between marks is that **marks must be compared in their entireties** and must be considered in connection with the particular goods or services for which they are used. *Glenwood Laboratories* v. *American Home Products Corp.*, 455 F.2d 1384, 1385, 173 USPQ 19, 20 (CCPA 1972); 2 J. McCarthy, *Trademarks and Unfair Competition* § 23:15A (2nd ed. 1984).

That is, the issue to address in the matter at hand is not any one particular word or aspect of the mark but rather **the mark in its entirety as well as its goods/services**. The commercial impression of a trademark is derived from these factors **as a whole**, not from its elements separated and considered in detail.

-6-

It follows from that principle that likelihood of confusion cannot be predicated on dissection of a mark, that is, on only part of a mark. This is the anti-dissection rule. The rationale of the anti-dissection rule is based upon this assumption: "An average purchaser does not retain all the details of a mark, but rather the mental impression the mark creates in its totality." *T&T Mfg. Co. v. A.T. Cross Co.*, 449 F. Supp. 813 ("The marks must be compared not by examining in minute detail their differences, but by viewing them in their entireties, to capture the general impression that they would give a consumer.").

It has been held to be a violation of the anti-dissection rule to focus upon the "prominent" feature of a mark and decide likely confusion solely upon that feature, ignoring all other elements of the mark. *Massey Junior College, Inc. v. Fashion Institute of Technology,* 492 F.2d 1399, 1402, 181 USPQ 272, 273-74(CCPA 1974); *see Franklin Mint Corp.* v. *Master Mfg. Co.,* 667 F.2d 1005, 1007, 212 USPQ 233, 234 (CCPA 1981) ("It is axiomatic that a mark should not be dissected and considered piecemeal; rather, it must be considered as a whole in determining likelihood of confusion.").

The issue to address in the matter at hand is not any one particular word or aspect of the mark but rather the mark in its entirety as well as its goods/services. The commercial impression of a trademark is derived from these factors **as a whole**, not from its elements separated and considered in detail.

In any likelihood of confusion analysis, however, two key, although not exclusive, considerations are the similarities between the marks and the relationship between the goods and/or services. *See Federated Foods, Inc. v. Fort Howard Paper Co.,* 544 F.2d 1098, 192 USPQ 24 (CCPA 1976).

The nature and scope of a party's goods or services must be determined on the basis of the goods or services recited in the application or registration. *See,* e.g., *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.,* 992 F.2d 1204, 26 USPQ2d 1687, 1690 n. 4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.,* 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990); *Canadian Imperial Bank of Commerce, N.A. v. Wells Fargo Bank,* 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987); *Paula Payne Products Co. v. Johnson Publishing Co.,* 473 F.2d 901, 177 USPQ 76 (C.C.P.A. 1973).

Firstly, the goods and/or services for each of the cited Registrations (3522207, 5221770, 3386087, 3415250, and 3412341 and the goods/services for the present application are asserted to be clearly distinguishable.

### US Application Serial Number 86891248 SINGULAR PERCEPTION

With regard to the cited US Application Serial Number 86891248 for SINGULAR PERCEPTION, that application is currently limited to **software for virtual reality immersion, to be used with commercially available third party virtual reality headsets, as well as, for increasing tactile and motion immersion during virtual reality experiences; virtual private network hardware, namely, electromechanical systems and devices for increasing tactile and motion immersion during virtual reality experiences; virtual reality game software; downloadable adventure, science fiction, family entertainment and animation movies, as well as, documentary and sports films provided via a video-on-demand service** in **Class 009;** on-line retail store services featuring virtual reality software, hardware, games in **Class 035;** providing virtual private network facilities for real-time interaction among computer users in virtual reality environments in **Class 038;** entertainment services, namely, providing virtual environments in which users can interact for recreational, leisure or entertainment purposes in **Class 041;** and development of virtual reality software, namely, control software for motion systems and devices specific for increasing immersion during virtual reality experiences; design and development of virtual reality software, namely, software and algorithms for use in virtual reality experiences; design and development of computer game software and virtual reality software; computer programming services, namely, content creation for virtual worlds and three dimensional platforms in **Class 042**.

That is, in clearly reciting services and goods relating to virtual reality immersion, US Application Serial Number 86891248 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, or design and development relating to computers and software relating to a decentralized global communications network distribution system.   Also, US Application Serial Number 86891248 describes specialized goods and services purchased by discerning consumers.

-8-

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system, namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do not recite services and goods relating to virtual reality immersion.

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same channels of trade or purchasers.  For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009).   The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

In addition, the Applicant asserts there are clear differences in sight and sound

●SINGULAR

between the Applicant's mark and the PERCEPTION (US Appl. No 86891248)
mark cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and the mark that begins with the graphical element (a red circular design element partially bisected by a white line).  Clearly, there are different pronunciations between the Applicant's mark and pending application,

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services.  Although the Examiner has alleged that the end of Applicant's mark is merely an acronym, the conclusion that the "acronym" is descriptive of the goods and services is not supported by the current description of goods and services.

If the Examiner is to maintain that the "acronym" is descriptive of "a feature of how applicant's services are performed or transmitted" in support of such a conclusion, it is incumbent upon the Examiner to clearly establish how such a feature is related to Applicant's goods and services.  Absent that, a diminished treatment of any part of the Applicant's mark is improper.

Furthermore, Applicant respectfully submits that while "singular" appears in both marks, the use of a preceding graphic, and the difference between the following characters is distinctive and would not result in the creation of a confusingly similar impression.

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited marks.

In conclusion, the Applicant respectfully submits that the marks are not so related as to result in a confusingly similar impression.  The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Application Number 86891248 is respectfully requested.

### U.S. Registration 3522207 for SINGULAR

With regard to the cited U.S. Registration 3522207 for SINGULAR, that Registration is limited to a **magazine on the subject of the interests of single adults in Class 016**. That is, in clearly reciting a publication, U.S. Registration 3522207 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, or design and development relating to computers and software relating to a decentralized global communications network distribution system.  Also, U.S. Registration 3522207 describes a specialized magazine purchased by discerning consumers.

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system, namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do <u>not</u> recite any magazine on the subject of the interests of single adults.

US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number:  1398 002 901 0251

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same goods, channels of trade, or purchasers.  For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009). The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

Furthermore, Applicant respectfully submits that although "singular" appears in both marks, the non-descriptive use of DTV at the end of the Applicant's mark, provides clear distinction in both sound and appearance to the cited mark.

In conclusion, the Applicant respectfully submits that the marks and the recited goods and services are not so related as to result in a confusingly similar impression. The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Registration 3522207 is respectfully requested.

## U.S. Registration 5221770 for SINGULAR SOUND

With regard to the cited U.S. Registration 5221770 for SINGULAR SOUND, that Registration is limited to **computer hardware and software for processing digital music files; computer software and hardware for producing and arranging music; computer software for creating and editing music and sounds; computer software for processing digital music files; computer software for creating and editing music and sounds; computer software for music production; computer software for arranging and producing music; downloadable computer software for production and arrangement of music; electronic effect pedals for use with sound amplifiers; music-composition software; computer programs for processing digital music files** in Class 009 and **drum pedals; electronic effects pedals for use with musical instruments; music synthesizers; sound effect pedals for musical**

instruments; foot pedals for use in connection with musical instruments in Class 015.

That is, in clearly reciting specialized musical instrument accessories and/or computer hardware and software for producing digital music files, it is asserted that U.S. Registration 5221770 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, and/or design and development relating to computers and software relating to a decentralized global communications network distribution system.

Also, U.S. Registration 5221770 describes specialized musical instrument accessories and/or computer hardware and software for producing digital music files purchased by discerning consumers.

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system; namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to specific types of design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do <u>not</u> recite any specialized musical instrument accessories and/or computer hardware and software for producing digital music files.

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same channels of trade or purchasers.  For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009).  The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

In addition, the Applicant asserts there are clear differences in sight and sound between the Applicant's mark and the SINGULAR SOUND (U.S. Registration 5221770) mark cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and the mark SINGULAR SOUND (U.S. Registration 5221770) that includes two separate words.  Clearly, there are different pronunciations between the Applicant's mark and the mark SINGULAR SOUND (U.S. Registration 5221770).

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services.  Although the Examiner has alleged that the end of Applicant's mark is merely an acronym, the conclusion that the "acronym" is descriptive of the goods and services is not supported by the current description of goods and services.

If the Examiner is to maintain that the "acronym" is descriptive of "a feature of how applicant's services are performed or transmitted" in support of such a conclusion, it is incumbent upon the Examiner to clearly establish how such a feature is related to Applicant's goods and services.  Absent that, a diminished treatment of any part of the Applicant's mark is improper.

Furthermore, Applicant respectfully submits that while "singular" appears in both marks, the difference between the following characters is distinctive and would not result in the creation of a confusingly similar impression.

US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number:  1398 002 901 0251

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited mark.

In conclusion, the Applicant respectfully submits that the marks are not so related as to result in a confusingly similar impression.  The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Registration 5221770 is respectfully requested.


### U.S. Registration 3386087 for SINGULAR INFORMATION MANAGEMENT

With regard to the cited U.S. Registration 3386087 for SINGULAR INFORMATION MANAGEMENT, that Registration is limited to **computer software for use in systems management; computer software for use in data storage management and storage area networks; computer software and hardware for use in data communications; computer software for backing up and restoring computer data; computer software for use in disaster recovery; computer software for use in removable storage media management; computer software for use in the field of enterprise data management; computer software for use in searching enterprise data; computer software for generating reports from databases; computer software for use in the central management of computers attached to a computer network; computer software for replicating and archiving files from one data store to another; computer software for use in developing data analysis applications and other computer software; computer software for monitoring, analyzing, reporting and solving performance and data availability issues of application software, databases, network, storage, and other computer components and programs; instruction manuals supplied as a unit with the foregoing; publications in electronic form, on magnetic and optical computer-readable media or downloadable via computer and communication networks, including the internet, namely, work books, quick reference guides, technical reference manuals, user manuals, and evaluation guides in the field of**

**computers, computer software, computer peripherals, and computer networks** in **Class 009.**

That is, in clearly reciting specialized computer software for managing and extracting information in electronic databases, it is asserted that U.S. Registration 3386087 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, and/or design and development relating to computers and software relating to a decentralized global communications network distribution system.

Also, U.S. Registration 3386087 describes specialized computer software for use in managing information in computer or electronic based systems purchased by discerning consumers.

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system; namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to specific types of design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do not recite any specialized computer software for use in managing information in computer or electronic based systems.

US Trademark Application Number: 79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number: 1398 002 901 0251

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same channels of trade or purchasers. For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009). The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

In addition, the Applicant asserts there are clear differences in sight and sound between the Applicant's mark and the SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3386087) mark cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3386087) that includes three separate words. Clearly, there are different pronunciations between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3386087).

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services. Although the Examiner has alleged that the end of Applicant's mark is merely an acronym, the conclusion that the "acronym" is descriptive of the goods and services is not supported by the current description of goods and services.

If the Examiner is to maintain that the "acronym" is descriptive of "a feature of how applicant's services are performed or transmitted" in support of such a conclusion, it is incumbent upon the Examiner to clearly establish how such a feature is related to Applicant's goods and services. Absent that, a diminished treatment of any part of the Applicant's mark is improper.

Furthermore, Applicant respectfully submits that while "singular" appears in both marks, the difference between the following characters is distinctive and would not result in the creation of a confusingly similar impression.

-21-

US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number:  1398 002 901 0251

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited mark.

In conclusion, the Applicant respectfully submits that the marks are not so related as to result in a confusingly similar impression.  The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Registration 3386087 is respectfully requested.

### U.S. Registration 3415250 for SINGULAR INFORMATION MANAGEMENT

With regard to the cited U.S. Registration 3415250 for SINGULAR INFORMATION MANAGEMENT, that Registration is limited to **educational services, namely, arranging and conducting workshops, seminars, and training sessions in the fields of computer software, computer networks, computer data storage, and data storage management and distribution of course materials in connection therewith; provision of information and online databases regarding workshops, seminars and conferences in the fields of computer software, computer networks, computer data storage, and data storage management and distribution of course materials in connection therewith in Class 041.**

That is, in clearly reciting specialized educational services consisting of workshops, seminars, and training sessions, it is asserted that U.S. Registration 3415250 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, and/or design and development relating to computers and software relating to a decentralized global communications network distribution system.

Also, U.S. Registration 3415250 describes specialized educational services consisting of workshops, seminars, and training sessions in the fields of computer software, computer networks, computer data storage, and data storage management purchased by discerning consumers.

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system; namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to specific types of design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do not recite any specialized educational services consisting of workshops, seminars, and training sessions.

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same channels of trade or purchasers.  For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009).   The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

In addition, the Applicant asserts there are clear differences in sight and sound between the Applicant's mark and the for SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3415250) mark cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3415250) that includes three separate words.  Clearly, there are different pronunciations between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3415250).

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services.  Although the Examiner has alleged that the end of Applicant's mark is merely an acronym, the conclusion that the "acronym" is descriptive of the goods and services is not supported by the current description of goods and services.

If the Examiner is to maintain that the "acronym" is descriptive of "a feature of how applicant's services are performed or transmitted" in support of such a conclusion, it is incumbent upon the Examiner to clearly establish how such a feature is related to Applicant's goods and services.  Absent that, a diminished treatment of any part of the Applicant's mark is improper.

Furthermore, Applicant respectfully submits that while "singular" appears in both marks, the difference between the following characters is distinctive and would not result in the creation of a confusingly similar impression.

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited mark.

In conclusion, the Applicant respectfully submits that the marks are not so related as to result in a confusingly similar impression.  The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Registration 3415250 is respectfully requested.

### U.S. Registration 3412341 for SINGULAR INFORMATION MANAGEMENT

With regard to the cited U.S. Registration 3412341 for SINGULAR INFORMATION MANAGEMENT, that Registration is limited to **computer programming for others; computer consultation; computer support services, namely, provision of technical assistance and technical support, namely, troubleshooting of computer hardware and software problems; computer software design for others; remote or on-site monitoring of computer systems for technical purposes; monitoring the computer systems of others for technical purposes and providing back-up computer programs and facilities; integration of computer systems and networks; customization of computer hardware and software for end-users** in **Class 042.**

That is, in clearly reciting specialized computer related services consisting of programming, consulting, and support, it is asserted that U.S. Registration 3412341 does not cover any type of e-commerce software, information relating to entertainment provided by a decentralized global communication network distribution system, and/or design and development relating to computers and software relating to a decentralized global communications network distribution system.

Also, U.S. Registration 3412341 describes specialized computer related services consisting of programming, consulting, and support purchased by discerning consumers.

In contrast, the **Class 009** goods of the present application are limited to e-commerce software, namely software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system; facilitating subscribers to manage and exploit copyright and intellectual property rights over a decentralized global communications network distribution system; providing subscribers access to electronic commerce platforms on the decentralized global communications network distribution system for performing electronic business transactions; facilitating subscriber utilization of blockchain applications to perform electronic business transactions over a decentralized global communications network distribution system; providing subscribers financial services and asset management to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing subscribers a gateway to cloud

computing to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; providing cloud computing; facilitating subscribers to buy, sell, trade, settle, clear, custody, and fund administration of digital tokens of value to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; facilitating payments using payment cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system; and facilitating payments using electronic or magnetic ID cards to facilitate performing of electronic business transactions over a decentralized global communications network distribution system.

In contrast, the **Class 041** services of the present application are limited to specific types of information relating to entertainment provided by a decentralized global communication network distribution system; namely, online provision of information in the field of computer games for entertainment purposes; online provision of information relating to production of sound, music and video recordings; online provision of information relating to production and publishing of music; online provision of information relating to digital music; online provision of information relating to recording, production and distribution of films, video and audio recordings, radio and television programs; online provision of information relating to television and movie screenplay writing; online provision of information relating to entertainment consisting of films, television and music videos.

In contrast, the **Class 042** services of the present application are limited to specific types of design and development relating to computers and software; namely, design and development of computers and software relating to a decentralized global communications network distribution system; design and development of computer databases for use on a decentralized global communications network distribution system; design and development of electronic databases for use on a decentralized global communications network distribution system; creation and development of computer programs for data processing on a decentralized global communications network distribution system; data migration services on a decentralized global communications network distribution system; maintenance and updating of computer software on a decentralized global communications network distribution system; design

and development of computer programs for e-commerce for use on a decentralized global communications network distribution system.

The remaining classes of the present application do not recite any specialized computer related services consisting of programming, consulting, and support.

Indeed, the goods and services as set forth in the amended descriptions above are not believed to address the same channels of trade or purchasers.  For example, the amended goods and services are directed to e-commerce software for: facilitating subscribers to perform electronic business transactions over a decentralized global communications network distribution system (class 009).   The services currently described are similarly distinguishable from the cited application as they are directed to entertainment provided by a decentralized global communication network distribution system (class 041), design and development of computers and software relating to a decentralized global communications network distribution system (class 042), and management of copyright and third-party intellectual property rights; facilitation of securing licenses to copyright and intellectual property rights to third parties (class 045).

In addition, the Applicant asserts there are clear differences in sight and sound between the Applicant's mark and the for SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3412341) mark cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3412341) that includes three separate words.  Clearly, there are different pronunciations between the Applicant's mark and the mark SINGULAR INFORMATION MANAGEMENT (U.S. Registration 3412341).

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services.  Although the Examiner has alleged that the end of Applicant's mark is merely an acronym, the conclusion that the "acronym" is descriptive of the goods and services is not supported by the current description of goods and services.

US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number:  1398 002 901 0251

If the Examiner is to maintain that the "acronym" is descriptive of "a feature of how applicant's services are performed or transmitted" in support of such a conclusion, it is incumbent upon the Examiner to clearly establish how such a feature is related to Applicant's goods and services.  Absent that, a diminished treatment of any part of the Applicant's mark is improper.

Furthermore, Applicant respectfully submits that while "singular" appears in both marks, the difference between the following characters is distinctive and would not result in the creation of a confusingly similar impression.

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited mark.

In conclusion, the Applicant respectfully submits that the marks are not so related as to result in a confusingly similar impression.  The nature of the goods and services are distinctive and no similarity of the trade channels for the goods and services has been established for a likelihood of confusion.

Withdrawal of the "provisional" refusal over U.S. Registration 3412341 is respectfully requested.

### C. Likelihood of Confusion

In considering the likelihood of confusion of marks, everything hinges on whether there is a likelihood of confusion in the mind of an appreciable number of 'reasonably prudent' buyers.  A reasonably prudent purchaser is expected to exercise that degree of "care, caution and power of perception" appropriate to the kind of choice he faces in the marketplace.  Volkswagenwerk Aktiengesellschaft v. Church, 411 F.2d 350,161 U.S.P.Q. 769 (9th Cir. 1969), supplemental op., 413 F.2d 1126 (9th Cir. 1969).

Products which set a higher standard of care for purchase tend to attract sophisticated purchasers who would not likely be confused by trademarks which might be similar.  In particular, the present application's recitation of goods/services in Classes 009, 041, and 042 recite specialized products and services, such as specific types of products and services that open alternative channels for creators to offer their creative works on a decentralized global communications network distribution system and **decentralized distribution system environment**s, which typically are purchased/used by equally specialized consumers.

-29-

US Trademark Application Number:  79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number:  1398 002 901 0251

In view of the present amendments, it is respectfully asserted that the listings of goods/services of the present application are sufficiently discernible from those of the cited registrations, and in particular, when the marks are compared in their entirety in view of their respective goods/services, there is no likelihood of confusion.

Therefore, the customers, distribution channels, purchase modality and use of the respective goods/services of the cited marks and the present application are clearly discernible.

Especially in view of the present amendments, it is respectfully asserted that the Applicant's mark creates a different commercial impression when compared to the cited marks, thereby mitigating or eliminating the likelihood of confusion.

Furthermore, in view of the differences in the marks combined with the clear differences in the goods/services as explained above, it is respectfully submitted that the Applicant's mark unequivocally creates a different commercial impression when compared to the cited marks, thereby further mitigating or eliminating the likelihood of confusion that the respective goods/services originate from the same source.

Accordingly, the overall impressions created by the differing meanings, differing appearances, differing spellings, and unrelated connotations mitigate any resemblance between the marks.

Applicant respectfully asserts that the marks **when taken as a whole**, and in light of the unrelated goods/services between them, are distinctive and there would be no likelihood of confusion.

In addition, the Applicant asserts there are clear differences in sight and sound between the Applicant's mark and the marks cited by the Examiner.

For example, the Applicant's mark is a single word, (SINGULARDTV) which sets forth a clear visual difference between the Applicant's mark and U.S. Registration 3522207, different pronunciations between the Applicant's mark and U.S. Registration 3522207, and different connotations between the Applicant's mark and U.S. Registration 3522207.

The Examiner asserts that the Applicant's inclusion of DTV is merely descriptive of a feature of the Applicant's goods and services.

US Trademark Application Number: 79/212,130 for "SINGULARDTV" (Word mark)
Attorney Docket Number: 1398 002 901 0251

As specified in the Applicant's identification of goods and services, the Applicant's goods and services are associated with providing an alternative market platform or channel for content creators to market, license, and/or sell their intellectual property–protected, created content.

Thus, DTV, at the end of the Applicant's mark, is not merely descriptive because digital television is not a feature of the Applicant's goods and services.

Since, as shown above, DTV, at the end of the Applicant's mark, is not merely descriptive, the inclusion of DTV, at the end of the Applicant's mark, provides clear distinctions in both sound and appearance to the cited marks.

## CONCLUSION

In summary, again not any one particular word or aspect of the mark but rather the mark in its entirety as well as its goods/services must be considered. The commercial impression of a trademark is derived from these factors **as a whole**, not from its elements separated and considered in detail.

Applicant respectfully asserts that the marks **when taken as a whole**, and **in view of their respective goods/services**, are distinctive and there would be no likelihood of confusion.

For at least the above reasons, withdrawal of the Section 2(d) rejection in view of all the cited marks is respectfully requested.

Respectfully submitted,

Michael J. Nickerson
Attorney for Applicant, Admitted in New York and Virginia
Basch & Nickerson LLP
1751 Penfield Road
Penfield, New York 14526
Telephone: (585) 899-3970
mnickerson@bnpatentlaw.com

MJN/mjn

-31-