UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SINGULARDTV GmbH,                                              :
                                                               :
                            Plaintiff,       :
            -against-                                       :
                                                               :    21-CV-10130 (VEC)
ZACHARY LEBEAU and KIMBERLY                                    :
JACKSON,                                                       :    ORDER
                                                               :
                            Defendants.     :
-------------------------------------------------------------- X

|USDC SDNY|
|DOCUMENT|
|ELECTRONICALLY FILED|
|DOC #:|
|DATE FILED: 7/13/22|

VALERIE CAPRONI, United States District Judge:

       WHEREAS on January 25, 2022, the Court entered a Consent Order requiring, in part, that Defendants Zachary LeBeau and Kimberly Jackson "deliver physical possession of the device storing the Cold Wallet,[1] together with all charging devices *and authorizations including log-in information and passwords*, to an escrow arrangement as separately agreed upon by the Parties", Consent Order, Dkt. 66 at 2 (emphasis added);

       WHEREAS on February 25, 2022, Plaintiff moved for expedited discovery as to the fate of the device or devices storing the Cold Wallet after Defendants failed to deliver any such device, *see* Not. of Mot., Dkt. 76;

       WHEREAS on April 6, 2022, the Court granted Plaintiff's motion for expedited discovery, requiring Defendants to produce a variety of nonprivileged documents that were responsive to Plaintiff's requests, Order, Dkt. 88 at 1, 5, including, in part, "[a]ll documents concerning the acquisition or configuration of any Cold Wallet Device"; "[a]ll documents concerning the dismantling, destruction, or abandonment of any Cold Wallet Device"; "[a]ll

---

[1] All capitalized words are used in this Order as they were defined in the Consent Order, *see* Consent Order, Dkt. 66, and in Plaintiff's proposed document requests, *see* Ex. A, Dkt. 75-1 at 2–4.

1

documents concerning the printing of the Paper Wallet"; and "[a]ll documents concerning the storage of the Paper Wallet at any point in time", Ex. A, Dkt. 75-1 at 6–7;

WHEREAS on April 26, 2022, Plaintiff represented that Defendants had not complied with the Court's April 6, 2022 order, and sought both a Court order compelling Defendants to do so and reasonable fees and costs incurred in preparing the letter motion, *see* Letter, Dkt. 92 at 1–2;

WHEREAS on May 2, 2022, the Court again ordered Defendants to produce all nonprivileged documents responsive to Plaintiff's existing discovery requests, as was already required by the Court's prior order, not later than May 5, 2022, along with a written certification describing Defendants' process for finding responsive documents, Order, Dkt. 96 at 1–2;

WHEREAS in its May 2, 2022 order the Court also ordered Defendant LeBeau to appear for an expedited deposition, *see id.* at 2;

WHEREAS in its May 2, 2022 order the Court also denied Plaintiff's request for fees and costs without prejudice to Plaintiff re-raising the request if document production and Defendant LeBeau's testimony revealed willful noncompliance with the Court's prior order, *see id.*;

WHEREAS on June 1, 2022, Plaintiff SingularDTV GmbH requested an order requiring Defendant LeBeau to produce additional documents and renewed its request for fees incurred in preparing various filings due to both Defendants' failure to comply with prior orders, *see* Letter, Dkt. 104;

WHEREAS Defendant LeBeau opposes Plaintiff's request, *see* Letters, Dkt. 107, 114;

WHEREAS the Court finds, based on Defendant LeBeau's testimony following the Court's May 2, 2022 order, that Defendant LeBeau violated the Court's January 25, 2022 Consent Order by failing to deliver all authorizations to the Escrow Agent, as evidenced by his

testimony that he memorized the seed phrase that enables access to the Cold Wallet via various platforms, including through the software Tokit.IO, but failed to deliver the seed phrase to the Escrow Agent or even to mention that such a seed phrase exists, *see* Letter, Dkt. 104 at 4–7 (citations omitted);

WHEREAS the Court also finds that both Defendants LeBeau and Jackson violated the Court's April 6, 2022 order, which required them to produce all nonprivileged documents responsive to Plaintiff's requests, as evidenced by the 210 pages of documents produced by Defendant LeBeau and 247 pages of documents produced by Defendant Jackson following the May 2, 2022 order, *see id.* at 3;

WHEREAS the Court also finds that Defendant LeBeau violated the Court's May 2, 2022 order by failing to produce all responsive nonprivileged documents, as evidenced by Defendant LeBeau's testimony revealing that he did not conduct a thorough search for responsive documents, *see id.* at 7–8; and

WHEREAS when a court grants a motion compelling disclosure or discovery, the court must order the non-disclosing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant filed the motion to compel before attempting in good faith to obtain the discovery or disclosure; the opposing party's nondisclosure was "substantially justified"; or "other circumstances make an award of expenses unjust", Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); *see also, e.g.*, *Thuman v. Dembski*, No. 13-CV-01087A, 2022 WL 1197551, at *7 (W.D.N.Y. Apr. 22, 2022) (granting reasonable attorney's fees pursuant to Rule 37(a)(5)(A) where the defendant could not justify nondisclosure);

IT IS HEREBY ORDERED that Defendant LeBeau must comply with the previous orders requiring delivery of all "authorizations" to the Escrow Agent, *see* Consent Order, Dkt. 66

at 2, and requiring production of all nonprivileged documents related to cold storage of Plaintiff's cryptoassets. *See* Order, Dkt. 88 at 5; Order, Dkt. 96 at 1. Those Orders clearly encompassed all forms of access to the Cold Wallet, including, but not limited to, access to the Cold Wallet via the software Tokit.IO. Not later than **July 15, 2022,** Defendant LeBeau must produce to the Escrow Agent all nonprivileged documents that have not previously been produced relating to his use of Tokit.IO or any other application or software to access the Cold Wallet at any time. For electronically stored documents, he must use search terms that are reasonably calculated to find all responsive documents. At a minimum, such search terms must include "Tokit" and "Tokit.IO" (in addition to other relevant terms). By the same date, he must provide to the Escrow Agent a concomitant affirmation about how the search was performed, including precisely which search terms were used to search for electronically stored documents, and he must deliver the Cold Wallet's seed phrase in writing. Failure to comply *fully* with this order may be punishable by a finding of contempt and other sanctions, up to and including a default judgment, as the Court deems proper.

      IT IS FURTHER ORDERED that, because the Court finds that Defendants' failure to comply with prior Orders of the Court was not substantially justified and that there is no other reason why Defendants should not be required to pay reasonable attorney's fees, Plaintiff's motion for reasonable attorney's fees is GRANTED. Pursuant to Rule 37, Defendants must jointly pay the costs and fees incurred by Plaintiff in preparing its April 26, 2022, letter motion, and Defendant LeBeau alone must pay the costs and fees incurred by Plaintiff in taking other steps necessary to obtain his compliance with the Court's orders, including the preparation of Plaintiff's June 1, 2022 letter motion, *see* Dkt. 104, its June 23, 2022 letter motion, *see* Dkt. 112, and its deposition of Defendant LeBeau. The parties must meet and confer on the amount of fees

that are reasonable and must notify the Court not later than **July 18, 2022**, if they are unable to reach an agreement as to the amount. If the parties are unable to reach an agreement, the Court will refer their dispute regarding reasonable fees to their assigned Magistrate Judge.

**SO ORDERED.**

Date: July 13, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**